MARGARET FULLER PORTER v. THE CITIZENS BANK OF WARREN-
TON, INC., MRS. ALICE SOUTHERLAND, TRADING AS THE STYLE
SHOP, E. E. GILLAM, TRADING AS GILLAM AUTO COMPANY, AND
J. B. MARTIN.

(Filed 19 November, 1958.)

**1. Divorce and Alimony § 20—**

A decree of divorce on the ground of two years separation in an action instituted by the wife terminates the wife's right to alimony without divorce under a prior decree. G.S. 50-11, as amended by Ch. 872, Session Laws of 1955.

2. **Same: Appeal and Error § 55: Attachment § 6— Where findings are insufficient to determine rights of parties, cause must be remanded.**

In this special proceeding to determine the respective rights of the wife and an attaching creditor of the husband in funds deposited in the hands of the clerk as surplus after foreclosure sale of lands theretofore held by the husband and wife by the entireties, the wife claiming such funds under provisions of an order entered on motion in the cause in her suit for alimony making his share of the funds liable for the alimony therein decreed, the record implied that the wife had remarried and that therefore an absolute divorce had been decreed. *Held:* In the absence of findings sufficient to determine whether a decree of absolute divorce terminated the right to alimony under G.S. 50-11, as amended, judgment must be vacated and the cause remanded.

PARKER, J., not sitting.

APPEAL by respondent J. B. Martin from judgment dated March 31, 1958, entered by *Clark, J.,* after hearing, by consent, in Chambers in Henderson, N. C. From WARREN.

Special proceeding instituted October 2, 1957, by petitioner, "Margaret Fuller Porter, formerly Margaret Fuller Comer, wife of Geo. S. Comer," under G.S. 45-21.32, to determine ownership of a fund of $9,382.34 deposited July 20, 1957, with the Clerk of the Superior Court of Warren County by Frank Banzet, Trustee, under G.S. 45-21.31.

The $9,382.34 so deposited was part of $17,795.00 paid to Frank Banzet, Trustee, as purchase price for real estate sold in foreclosing a deed of trust dated February 14, 1953, executed and delivered by George S. Comer and wife, Margaret Fuller Comer, to Frank Banzet, Trustee, securing an indebtedness to The Citizens Bank, Warrenton, North Carolina.

The foreclosure sale was held June 26, 1957; and by deed dated July 12, 1957, Frank Banzet, Trustee, conveyed the real estate to the purchasers.

On February 14, 1953, when they executed and delivered said deed of trust to Frank Banzet, Trustee, George S. Comer and Margaret Fuller Comer, then husband and wife, owned the real estate in fee simple as tenants by entirety. Petitioner (Margaret Fuller Porter, formerly Margaret Fuller Comer) used the real estate as her place of residence until she vacated the premises on or about July 1, 1957.

The $9,382.34 was the balance or surplus after payment by Frank Banzet, Trustee, of the debt secured by the deed of trust, the expenses of foreclosure, and these two items: (1) $837.00 to petitioner, "in payment of alimony in arrears"; (2) $450.00 to Banzet & Banzet, attorneys for petitioner, "for attorneys' fees awarded them in the alimony case."

The judgment of Judge Clark sets forth the *stipulated facts* constituting the basis of petitioner's claim as follows:

"1. In the year 1956 an action for alimony without divorce was instituted in the Superior Court of Warren County by Margaret F. Comer (now Porter), against her husband, George S. Comer, pursuant to which an order for alimony *pendente lite* and counsel fees was rendered by Honorable Hamilton H. Hobgood, Resident Judge of the Ninth Judicial District.

"2. The said George S. Comer departed this County in or about the month of February 1957, and since said date his whereabouts have been unknown.

"3. On June 4, 1957, on motion of Margaret F. Comer in said pending cause, an order was entered by Honorable C. W. Hall, Judge holding the courts of the Ninth Judicial District, as follows:

"'1. The interests estate and equity of the defendant George S. Comer in and to the real property described in paragraph 6 of plaintiff's motion, together with surplus of the sale thereof to which the defendant George S. Comer would otherwise be entitled, is secured to the plaintiff Margaret Fuller Comer for the satisfaction of the award of alimony heretofore entered by the Honorable Hamilton H. Hobgood and any person, firm or corporation having custody or control over the same shall pay to the plaintiff the sum of $837.00 and shall pay to the firm of Banzet & Banzet, attorneys, the sum of $450.00 and thereafter to pay to plaintiff the sum of $354.00 on the 29th day of each month hereafter commencing on the 29th day of June 1957, to be reduced by $75.00 per month so long as the plaintiff shall occupy the premises described in paragraph 6 of plaintiff's motion.

"'2. The Clerk of Superior Court of Warren County is directed to file, index and cross-index in the Judgment Docket of Warren County the substance of this order insofar as the same pertains to the surplus of any sale under foreclosure of the real estate described in paragraph 6 of plaintiff's motion to the end that all persons dealing with said surplus shall be bound by the terms of this order.'

"4. Said order was issued without notice, actual or constructive, to said George S. Comer, petitioner contending that notice was unnecessary in view of the facts stated in paragraph 2 above."

The judgment of Judge Clark sets forth the *stipulated facts* constituting the basis of respondent J. B. Martin's claim as follows:

"8. On July 10, 1957, an action was filed in the Recorder's Court of Warren County by J. B. Martin, trading as Martin's Plumbing & Heating, against George S. Comer, and on said date a warrant of at-

tachment was issued by said Court against the property of said defendant. Pursuant to said warrant of attachment, the Sheriff of Warren County, on July 20, 1957, attached the interest of said defendant in the surplus proceeds of the foreclosure sale referred to above, in the amount of $9,382.34, which on said date had been paid to the Clerk of Superior Court of Warren County by Frank Banzet, Trustee. On September 26, 1957, judgment was entered in said action by the Recorder's Court of Warren County in favor of said plaintiff and against said defendant, George S. Comer, in the amount of $605.81, with interest on $583.85 from June 1, 1953 and interest on $21.96 from the date of said judgment, and for costs in the amount of $22.20. Said judgment was declared a specific lien on the funds in the hands of the Clerk of Superior Court which had been attached by the Sheriff pursuant to said warrant of attachment. Said judgment was on said date docketed in the Superior Court of Warren County and is recorded in Judgment Docket 11, page 39. No amount has been paid on this judgment."

The matter was first heard by the clerk upon the petition and the answer of respondent J. B. Martin. Upon his findings of fact, substantially in accord in respect of matters now material with the stipulated facts set forth in Judge Clark's judgment, the clerk made the following "Conclusions of Law," viz.: "1. The petitioner Margaret Fuller Porter is entitled to receive from the surplus of said sale, one-half thereof, to-wit: the sum of $5,333.21. 2. The Citizens Bank of Warrenton, Inc. is entitled to receive the sum of $426.97 in satisfaction of its judgment docketed in Judgment Docket No. 11, pages 35 and 28. 3. The defendant E. E. Gillam, trading as Gillam Auto Company, is entitled to receive the sum of $79.20 in satisfaction of the judgment docketed in Judgment Docket No. 9, page 446. 4. The defendant Mrs. Alice Southerland is entitled to receive the sum of $25.74 in satisfaction of the judgment docketed in Judgment Docket No. 9, page 434. 5. The defendant J. B. Martin is entitled to a specific lien on the share of the proceeds of George S. Comer. 6. The said George S. Comer is a necessary party to this action and it is hereby ordered that he be made such party hereto. 7. The Commissioner of Revenue of the State of North Carolina is a necessary party to this action and thus ordered that said Commissioner of Revenue be made party hereto. 8. The balance of the proceeds remaining in the hands of the Clerk of Superior Court of Warren County shall be paid to the petitioner Margaret Fuller Porter at the rate of $354.00 per month beginning on the 29th day of June 1957, the total accumulated installments to be made after the said George S. Comer and Commissioner of Revenue are served process as provided by law."

According to the stipulated facts set forth in Judge Clark's judgment, the said judgments for $426.97, $79.20 and $25.74 were paid to The Citizens Bank of Warrenton, E. E. Gillam, trading as Gillam Auto Company, and Mrs. Alice Southerland, respectively, prior to the hearing by Judge Clark.

According to the clerk's findings of fact, the Gillam and Southerland judgments were against petitioner alone and the bank's judgment was against both George S. Comer and Margaret Fuller Comer. Petitioner *alleged* that it had been adjudged that George S. Comer was obligated as principal and that she was obligated only as surety in respect of the bank's judgment.

Respondent J. B. Martin did not except to the clerk's judgment or appeal therefrom. Petitioner excepted to "conclusions of law Nos. 5, 6 and 7" and appealed to the superior court judge.

The conclusions of law and judgment of Judge Clark were as follows:

"Upon the foregoing findings of fact, the Court is of the opinion that the order of Honorable C. W. Hall, Judge, securing to petitioner the estate and equity of George S. Comer constitutes a lien in favor of petitioner superior to the attachment and judgment of the respondent J. B. Martin, that petitioner is entitled to have paid to her by the Clerk of Superior Court of Warren County alimony in the sum of $354.00 per month beginning as of the 29th day of June 1957, and that so much of the judgment of the Clerk of Superior Court of Warren County as is inconsistent herewith is erroneous.

"It is therefore, considered, ordered, adjudged and decreed as follows:

"1. The Clerk of Superior Court of Warren County is directed to pay from the surplus funds in his hands by reason of payment into Court by Frank Banzet, Trustee in the deed of trust executed by George S. Comer and Margaret F. Comer, dated February 14, 1953, recorded in the Public Registry of Warren County in Book 176, page 13, the sum of $354.00 per month beginning as of the 29th day of June 1957, and continuing until said fund is exhausted or the order of payment for alimony in the action entitled *'Margaret Fuller Comer v. George S. Comer'* is modified.

"2. The respondent J. B. Martin, by virtue of his attachment and judgment recorded in Judgment Docket 11, page 39, in the office of the Clerk of Superior Court of Warren County, is entitled to a lien on said fund after payment and satisfaction of petitioner's lien, if any part of said fund shall remain in the hands of the said Clerk of Superior Court."

Respondent J. B. Martin excepted and appealed.

*Banzet & Banzet for petitioner, appellee.*

*William W. Taylor, Jr., and Charles T. Johnson, Jr., for respondent, J. B. Martin, appellant.*

BOBBITT, J.  It was expressly adjudged that the judgment obtained by respondent J. B. Martin, pursuant to attachment proceedings, was a lien on George S. Comer's share of the $9,382.34 deposit. Whether petitioner, by virtue of Judge Hall's order of June 4, 1957, entered in the separate action for alimony without divorce, has a lien thereon superior to Martin's lien, is the only question discussed in the briefs and on oral argument.

The stipulated facts set forth in paragraphs numbered 1, 2, 3 and 4 of Judge Clark's judgment provide our only information relating to the separate action for alimony without divorce entitled *"Margaret Fuller Comer v. George S. Comer."* Whether jurisdiction therein was obtained by personal service on defendant or otherwise is not disclosed. Too, the record is silent as to whether George S. Comer answered the complaint or otherwise appeared in person or by counsel.

Judge Hall's order of June 4, 1957, was entered, on motion of Margaret Fuller Comer, after the foreclosure sale had been advertised by Frank Banzet, Trustee, but prior to the date of sale. Whatever the provisions of Judge Hobgood's prior order, the order of Judge Hall provided that "any person, firm or corporation having custody or control over" *the share in the surplus,* after payment of the secured debt and foreclosure expenses, *to which George S. Comer would otherwise be entitled,* "shall pay to the plaintiff the sum of $837.00 and shall pay to the firm of Banzet & Banzet, attorneys, the sum of $450.00 and thereafter to pay to plaintiff the sum of $354.00 on the 29th day of each month hereafter commencing on the 29th day of June 1957, to be reduced by $75.00 per month so long as the plaintiff shall occupy the premises . . ." Whether the $837.00, referred to as "in arrears," constituted payment to June 4, 1957, or to June 29, 1957, does not clearly appear. It does appear that the first of the monthly payments of $354.00 each was to fall due on the 29th day of June, 1957. Thus, disregarding the small deduction on account of her occupancy until July 1, 1957, four payments of $354.00 each fell due prior to the institution of this special proceeding, to wit, the payments of June 29, 1957, July 29, 1957, August 29, 1957, and September 29, 1957, a total of $1,416.00.

It appears that Frank Banzet, Trustee, before he deposited the $9,382.34 with the clerk, paid from "George S. Comer's one-half of the net proceeds of sale" the items of $837.00 and $450.00, a total of $1,287.00. Thus, it appears that the surplus, after payment of the

secured debt and foreclosure expenses, was $10,669.34; and that the share to which George S. Comer "would otherwise be entitled" was $5,334.67. (Note: The clerk's judgment fixes petitioner's share as $5,333.21.)

It appears that the judgments for $426.97, $79.20 and $25.74, respectively, a total of $531.91, were paid in accordance with the clerk's judgment.

Thus, assuming the $1,287.00 paid on account of "alimony in arrears" ($837.00) and counsel fees ($450.00), and the $531.91 paid to satisfy the three judgments, and the four payments of $354.00 each, a total of $1,416.00, were properly charged against the share to which George S. Comer "would otherwise be entitled," there remained *in said share* on October 2, 1957, when petitioner instituted this special proceeding, a balance of $2,099.76, an amount substantially in excess of the amount due respondent J. B. Martin under his said judgment against George S. Comer.

The record raises but does not answer questions of vital importance. In her petition filed October 4, 1957, petitioner identifies herself as "Margaret Fuller Porter, formerly Margaret Fuller Comer, wife of Geo. S. Comer." She alleged: "On February 14, 1953, the petitioner (*then* Margaret Fuller Comer, wife of George S. Comer) and the said George S. Comer executed and delivered to Frank Banzet, trustee," etc. (Our italics) The stipulated facts refer to her as "Margaret F. Comer (now Porter)." George S. Comer left Warren County "in or about the month of February 1957, and since said date his whereabouts have been unknown." Judge Hall's order of June 4, 1957, was entered "on motion of Margaret F. Comer. . ."

While the fact may be otherwise, petitioner's identification of herself, as well as other references to her, imply that she was not the wife of George S. Comer on October 2, 1957, when she instituted this special proceeding. Did she, prior to October 2, 1957, obtain an absolute divorce from George S. Comer in an action initiated by her on the ground of separation for the statutory period? If so, her right to alimony ceased and determined immediately upon the entry of such decree of absolute divorce. G.S. 50-11, as amended by Ch. 872, Session Laws of 1955.

We deem it inappropriate to discuss the questions raised as to the legal effect of Judge Hall's order of June 4, 1957, until the facts relating to petitioner's marital status as of October 2, 1957, are clarified and established. These facts *may* have legal significance determinative of the controversy between petitioner and Martin, the only parties to this appeal.

The judgment of Judge Clark is vacated and the cause remanded

for hearing *de novo* in which a determination may be made as to whether a decree of absolute divorce has dissolved the bonds of matrimony once subsisting between petitioner and George S. Comer and, if so, as to when, by whom and on what ground such action for absolute divorce was initiated. Upon further hearing, additional facts may be stipulated or otherwise established relating to material features of the separate action for alimony without divorce.

It is noted that the action for alimony without divorce was instituted by Margaret Fuller Comer, now Margaret Fuller Porter, in 1956, subsequent to the effective date of said 1955 amendment of G.S. 50-11. Compare *Yow v. Yow,* 243 N.C. 79, 89 S.E. 2d 867.

Each party to this appeal will pay one-half of the costs incident thereto.

Judgment vacated and cause remanded.

PARKER, J., not sitting.