E. V. NEIGHBORS, EXECUTOR OF E. G. TALTON, DECEASED, v. MAUDE EVANS.

(Filed 14 October, 1936.)

**1. Executors and Administrators E c—**

In proceedings by an executor to sell lands to make assets the petition should set· forth, *inter alia,* as required by the statute, N. C. Code, 79, the value of the personal estate, as near as may be ascertained, and the application thereof, and an allegation merely that the personalty is insufficient is defective.

**2. Receivers A a—Party must show apparent right to property in order to be entitled to appointment of receiver under N. C. Code, 860 (1).**

Where an executor's petition in proceedings against a devisee to sell lands to make assets alleges merely that the personalty is insufficient to pay debts, without setting forth the personalty and the application thereof, plaintiff executor is not entitled to the appointment of a receiver for the lands on the ground that the action cannot be tried until a subsequent term, and that the devisee had refused to pay taxes, the allegation merely that the personalty is insufficient failing to show plaintiff executor's apparent right to the relief as required for the appointment of a receiver under the provisions of N. C. Code, 860 (1), especially when the devisee denies the allegation that the personalty is insufficient.

**3. Same—**

> Receivership is a harsh remedy, and the courts will not appoint a receiver unless the right to the relief is clearly shown and it is made to appear that there is no other safe and expedient remedy.

APPEAL by defendant from *Daniels, J.*, at January Term, 1936, of JOHNSTON. Reversed.

This is an action brought by plaintiff against defendant to sell certain lands to make assets. Among plaintiff's allegations are the following: "4. That there are claims against the estate of E. G. Talton amounting to approximately four thousand ($4,000.00) dollars and the personal estate of said E. G. Talton is not sufficient to pay said debts. 5. That the said E. G. Talton, deceased, under the terms and provision of the will as set out in paragraph two hereof willed and devised to Mrs. Maude Evans all his real estate consisting of 50½ acres, known as the Henry Watkins lands situate in Beulah Township, adjoining the lands of D. A. Watkins, Bright Fields, J. S. Richardson, J. B. Pearce, *et al.*, defined and described as follows: (describing same). 6. That in order to make assets with which to pay the debts owing by the estate of E. G. Talton it will be necessary to sell the lands described in the foregoing paragraph, the principal part of said debt being three thousand dollars in trust funds held by the said E. G. Talton for the use and benefit of the children of S. H. Hooks. Wherefore, the plaintiff prays the judgment of the court that the lands described in paragraph 5 hereof be sold to make assets with which to pay the debts due by the estate of E. G. Talton; that a commissioner of this court be appointed to make such sale under the orders of this court; for all such other and further relief as he may be entitled to in the premises."

The defendant, in answer, says: "That paragraph four is denied on information and belief, that it is not denied that said estate did owe some debts; it is expressly denied, however, that the personal estate is not sufficient to pay all of said debts, and on the contrary this defendant alleges that, at the time of his death the said E. G. Talton was the owner of personal property, including money, more than sufficient to pay all debts and his obligations, including the costs and charges of administration; and in connection with said paragraph said defendant alleges on information and belief that said executor has made no accounting whatsoever of said personal estate. . . . That, as this defendant is informed, advised, and believes, paragraph six of said petition is untrue and the same is denied. And further answering said petition, this defendant says that as she is informed, advised, and believes, the said E. V. Neighbors, executor, took into his possession immediately upon the death of the said E. G. Talton all of his moneys,

notes, and personal property, amounting to approximately $7,000.00, much more than sufficient to pay all the debts and obligations of said testator, and that said Neighbors has made no accounting for any portion of said personal estate whatsoever. Wherefore, this defendant prays the court for judgment; for all moneys, funds, and personal estate coming into his hands as such executor, out of which he is required to pay all debts owing by said estate. 2nd. That this defendant go hence without day and recover from said petitioner costs for suit herein, and for such other and further relief as defendant may be entitled to and as to the court may seem meet and proper."

The court below made the following order: "The above cause coming on to be heard before the undersigned judge presiding, in the Superior Court of Johnston County, and it appearing to the court that this action cannot be tried at the present term and should be continued; and it further appearing to the court that the defendant Maude Evans has been in possession of the lands sought to be sold in this action, but has failed and refused to pay the taxes upon the same; and it further appearing to the court that it is to the best interest of all concerned, that a receiver be appointed to take charge of said lands; it is, now, therefore, ordered, adjudged, and decreed that J. H. Abell be and he is hereby appointed receiver in this cause, to take charge of the lands described in the complaint, and to rent the same and collect all rents and profits therefrom, and to hold said rents and collections, subject to the further orders of this court, and the said J. H. Abell is required to give bond in the sum of $400.00 for his faithful performance as said receiver.

F. A. DANIELS, Judge presiding."

To the foregoing order the defendant excepted, assigned error, and appealed to the Supreme Court.

*No counsel for plaintiff.*
*A. M. Noble for defendant.*

CLARKSON, J. The only exception and assignment of error made by defendant is that the court below erred in signing the order appointing a receiver. We think this must be sustained.

N. C. Code 1935 (Michie), section 860, is as follows: "In what cases appointed—A receiver may be appointed (1) Before judgment, on the application of either party, when he establishes an apparent right to property which is the subject of the action and in the possession of an adverse party, and the property or its rents and profits are in danger of

being lost, or materially injured or impaired; except in cases where judgment upon failure to answer may be had on application to the court," etc.

To sell lands to make assets: Section 79 is as follows: "The petition, which must be verified by the oath of the applicant, shall be set forth, as far as can be ascertained: (1) Amount of debt outstanding against the estate. (2) The value of the personal estate, and the application thereof. (3) A description of all the legal and equitable real estate of the decedent, with the estimated value of the respective portions or lots. (4) The names, ages, and residences, if known, of the devisees and heirs at law of the decedent."

In *McNeill v. McBryde,* 112 N. C., 408 (411-12), it is said: "We think, however, that the petition is deficient in that it does not comply with section 1437 of The Code (now C. S. 79), which requires that it shall set forth 'the value of the personal estate and the application thereof.' It simply states that the personal estate 'is wholly insufficient to pay his (intestate's) debts and the costs and charges of administration.' The purpose of the statute, in requiring the particulars therein mentioned to be stated in the petition, was to enable the court to see whether a sale was necessary; but the present allegation wholly fails to give any such information. It is important that the requirements of the statute should be observed, and we must sustain the demurrer upon this ground. *Shields v. McDowell,* 82 N. C., 137."

In the complaint is the following: "And the personal estate of said E. G. Talton is not sufficient to pay said debts." We think this allegation not sufficient under the statute. Then again, the defendant denies this statement and alleges: "The said E. V. Neighbors, executor, took into his possession immediately upon the death of the said E. G. Talton, all of his moneys, notes, and personal property, amounting to approximately $7,000.00, much more than sufficient to pay all the debts and obligations of said testator, and that said Neighbors has made no accounting for any portion of said personal estate whatsoever."

In *Parker v. Porter,* 208 N. C., 31 (34) it is stated: "While it is well settled that an administrator has the right, and that it becomes his duty under certain conditions, to apply for license to sell the real estate of his intestate to make assets with which to pay debts, it is necessary that the personal property shall first be exhausted. When this has been done and it has been ascertained that the personalty is insufficient to discharge the debts, resort may be had to the realty. The personalty, however, is always the primary fund for the payment of debts. C. S. 74; *Shaw v. McBride,* 56 N. C., 173; *Clement v. Cozart,* 107 N. C., 697." *Wadford v. Davis,* 192 N. C., 484 (487).

It will be noted that the statute (C. S., 860, sec. 1) says: "When he establishes an apparent right to property," etc. *Jones v. Jones,* 187 N. C., 589 (592).

We see no sufficient allegations in the complaint or evidence in the record to justify the appointment of a receiver. A receiver may be appointed where a party establishes an apparent right to property, and the person in possession is insolvent, and ordinarily a receiver will be appointed to take charge of the rents and profits during the pendency of the action. Plaintiff does not come within the above rule. The courts look with jealousy on the application for the appointment of a receiver. It is ordinarily a harsh remedy. The right to relief must be clearly shown and also the fact that there is no other safe and expedient remedy. In some cases a bond is allowed the defendant instead of the appointment of a receiver. *Woodall v. Bank,* 201 N. C., 428.

On the entire record we think a receiver should not have been appointed. For the reasons given, the judgment of the court below is

Reversed.