H. L. SCOGGINS v. L. H. GOOCH AND ALICE FLEAGLE GOOCH.

(Filed 9 June, 1937.)

**1. Receivers § 1—Receiver may not be appointed in action on simple, unsecured debt when no right to or lien on property is asserted.**

Plaintiff instituted this action on a note in the court of a justice of the peace against husband and wife. He obtained judgment against the husband, from which no appeal was taken, and plaintiff appealed from a judgment of nonsuit in favor of the wife. On appeal, plaintiff's petition for a receiver for the business operated by the husband and wife was granted. *Held:* The only issue on appeal was whether the wife was indebted to plaintiff, and it was error to appoint a receiver for the business on the action on a simple unsecured debt where no right to or lien on property of defendants was asserted, N. C. Code, 860, plaintiff's remedy being by execution on the judgment against the husband and against the wife if he should obtain judgment against her on the appeal.

**2. Same—**

Receivership is a harsh remedy and will be granted only when there is no other safe and expedient remedy.

APPEAL by defendants from *Spears, J.,* at Chambers in Durham, N. C., 27 February, 1937. Error.

This is an action brought by plaintiff against defendants in a justice of the peace court to recover of the defendants the sum of $200.00, with interest from 6 July, 1936. The return to notice of appeal was as follows:

"An appeal having been taken in this action by the plaintiff, I, Paul H. Robertson, the justice before whom the same was tried, in pursuance of the notice of appeal, do hereby certify and return that the following proceedings were had by and before me in this said action:

"On 9 January, 1937, at the request of the plaintiff H. L. Scoggins, I issued a summons in his favor and against the defendants, which is herewith sent. Said summons was, on the return day thereof, returned before me at my office; and at the same time and place the parties appeared.

"The plaintiff complained that the defendants are indebted to him in the amount of $200.00 as balance on note, with interest from 6 July, 1936, until paid, and for the cost of this action.

"The defendant moved for judgment as of nonsuit as to Alice Fleagle Gooch on the grounds that there was no consideration on her part in signing said note, and tendering judgment in the amount of $173.72 against L. H. Gooch.

"I render judgment in favor of plaintiff as to L. H. Gooch; and allowed the motion of nonsuit as to Alice Fleagle Gooch, for $173.72,

with interest on $173.72 from 6 July, 1936, until paid, together with $2.40 cost of this action.

"I also certify that on 13 January, 1937, the appellant paid me my fee of forty cents for making my. return. All of which I send, together with the process and other papers in the cause."

In the Superior Court, H. L. Scoggins, the plaintiff, on 11 February, 1937, made an affidavit setting forth certain facts and prayed: "Wherefore plaintiff respectfully moves and prays the court to appoint a temporary receiver as provided by law to take charge of the business and property of the defendants to the end that the same may be preserved for the benefit of plaintiff and other creditors, as provided by law."

A temporary receiver was appointed, the order being as follows: "This cause coming on to be heard before Marshall T. Spears, judge of the Superior Court, at Durham, N. C., on 11 February, 1937, on the petition and affidavit of the plaintiff, and it satisfactorily appearing to the court that the defendants are insolvent, and that they have suspended their ordinary business for want of funds, and that there are executions against them now in the hands of the sheriff, and that plaintiff has a valid and good cause of action against defendants now pending in the Superior Court of Orange County, North Carolina, and that the only property and assets belonging to defendants out of which the claims of plaintiff and other creditors can be made are the fixtures, equipment, supplies, and other property of the defendants in their cafe business in Chapel Hill, N. C., known as Gooch's Cafe; and it further appearing that said property might be dissipated and wasted and that a receiver is necessary for the preservation of the assets for all creditors according to law. It is therefore ordered and adjudged that C. P. Hinshaw be and he is hereby appointed temporary receiver of the defendants L. H. Gooch and Alice Fleagle Gooch, of Chapel Hill, N. C., and as such he is directed to at once take charge of the affairs, assets, and property of said defendants, and particularly is he authorized, empowered, and directed to take charge of the assets and affairs in connection with the said cafe business of the defendants, and hold and administer the same under the powers by law conferred upon receivers, but before entering upon his duties he will file with the clerk of the Superior Court of Orange County a bond in the sum of seven hundred and fifty dollars to be approved by said clerk with at least two sureties. It is further ordered and adjudged that the defendants appear before his honor, Marshall T. Spears, judge, at Durham, N. C., at 10:00 a.m., on 27 February, 1937, and show cause, if any they have, why this receivership should not be made permanent. This 11 February, 1937."

At the hearing an affidavit was filed by Alice Fleagle Gooch setting forth certain facts, and she prayed: "Wherefore this defendant respect-

fully moves and prays the court that the order heretofore issued appointing a temporary receiver be vacated, that no permanent receiver be appointed, and that the plaintiff H. L. Scoggins be taxed with all costs and damages which this affiant has sustained by reason of the issuance of an order appointing a temporary receiver."

On 27 February, 1937, Spears, J., found certain facts and made an order appointing a permanent receiver.

The exception and assignment of error made by defendants are as follows: "That his honor committed error in signing judgment appointing permanent receiver and ordering a sale of the property of the defendant Alice Fleagle Gooch."

*Henry A. Whitfield for plaintiff.*
*L. J. Phipps and Roy W. McGinnis for defendants.*

CLARKSON, J.  The question involved in this action is: Should a receiver be appointed before judgment in an action on an unsecured, simple contract, originally instituted in a court of a justice of the peace, where the party does not establish an apparent right to or lien upon the property of the defendants?  We think not.

This is an action for debt against the defendants, brought in the court of a justice of the peace.  The plaintiff, in the court of the justice of the peace, recovered judgment of $173.72, and interest from 6 July, 1936, and costs, against the defendant L. H. Gooch, and he took no appeal.  A judgment of nonsuit was allowed as to Alice Fleagle Gooch. Plaintiff appealed from the judgment of nonsuit as to Alice Fleagle Gooch to the Superior Court.  The sole issue in the Superior Court was whether Alice Fleagle Gooch was indebted to plaintiff.  This issue was never tried, but an application was made by plaintiff for a receiver of the business and property of defendants.  The court below, in the decree appointing a permanent receiver, says: "And he is hereby made a permanent receiver of the property, affairs, and assets of the defendants L. H. Gooch and Alice Fleagle Gooch, and as such he is hereby authorized, empowered, and directed to advertise and sell the cafe property and assets of every description used in and in connection with the cafe business of the defendants herein referred to," etc.

N. C. Code, 1935 (Michie), section 860, in part is as follows: "A receiver may be appointed: (1) Before judgment, on the application of either party, when he establishes an apparent right to property which is the subject of the action and in the possession of an adverse party, and the property or its rents and profits are in danger of being lost, or materially injured or impaired; except in cases where judgment upon failure to answer may be had on application to the court."

There is no property in this action which is the subject of the action and in possession of an adverse party. Plaintiff had a right to issue an execution against the property of the defendant L. H. Gooch, and, if on appeal he obtained a judgment against Alice Fleagle Gooch, to issue an execution against her. We cannot see how this action for a simple debt against defendant Alice Fleagle Gooch, on appeal to the Superior Court by plaintiff, can be converted into a receivership proceeding. It is, to say the least, an innovation.

In *Neighbors v. Evans,* 210 N. C., 550 (554), it is said: "A receiver may be appointed where a party establishes an apparent right to property, and the person in possession is insolvent, and ordinarily a receiver will be appointed to take charge of the rents and profits during the pendency of the action. Plaintiff does not come within the above rule. The courts look with jealousy on the application for the appointment of a receiver. It is ordinarily a harsh remedy. The right to relief must be clearly shown and also the fact that there is no other safe and expedient remedy. In some cases a bond is allowed the defendant instead of the appointment of a receiver. *Woodall v. Bank,* 201 N. C., 428." N. C. Prac. & Proc. in Civil Cases (McIntosh), sec. 887, p. 1002.

For the reasons given, in the judgment in the court below there is

Error.