ANNE AUSTIN MURPHY v. DELEON TIMOTHY MURPHY, JR.

(Filed 17 January 1964.)

**1. Divorce and Alimony § 23—**

A complaint alleging that defendant had abandoned the children of the marriage and was in default in the monthly payments he had agreed to make for their support under the terms of a deed of separation executed by the parties, but without seeking or alleging facts constituting grounds for divorce, either absolute or from bed and board, does not allege a cause of action under G.S. 50-13 or G.S. 50-16, to adjudicate the right to the custody and support of the children, the remedy under the statutes being ordinarily collateral to an action for divorce or for alimony without divorce.

**2. Pleadings § 4—**

The facts alleged in the complaint determine the relief to which plaintiff is entitled and not the prayer for relief.

**3. Pleadings § 19—**

If the complaint presents facts sufficient to constitute a cause of action or if facts sufficient for that purpose can be fairly gathered from it, it is good as against demurrer, notwithstanding the prayer for relief is for an inapposite remedy.

**4. Husband and Wife § 13; Habeas Corpus § 3—Allegations held to state cause of action for breach of separation agreement or for habeas corpus.**

A complaint in an action by the wife alleging that defendant had executed a separation agreement under which he agreed to pay a stipulated sum monthly for the support of his children, that defendant had refused to comply with this provision in the agreement and had abandoned the children, *is held* sufficient to state a cause of action in favor of the wife upon contract to recover the amount in default under the separation agreement and also sufficient to support the issuance of a writ of *habeas corpus,*

G.S. 17-39, G.S. 17-39.1, for the custody and support of the children, and the court may *ex mero motu* so consider it.

**5. Trusts § 6—**

A trustee of an express trust may sue without joining his *cestui que trust.*

**6. Appearance § 2— Action may not be dismissed for want of service during 90 day period for alias summons or extension of time for service.**

Where there has been no personal service of process, defendant's motion to dismiss an *in personam* action for want of jurisdiction must be allowed, notwithstanding defendant's later demurrer for failure of the complaint to state a cause of action, if at the time of the demurrer more than the ninety days has elapsed during which plaintiff was entitled to procure the issuance of an alias summons or an extension of time for service of the original summons, G.S. 1-95, but if at the time of the demurrer the ninety days allowed by the statute has not expired, defendant is not entitled to dismissal, and the demurrer for failure of the complaint to state a cause of action constitutes a general appearance waiving the service of process. G.S. 1-131.

**7. Judgments § 2—**

Where defendant files a demurrer for failure of the complaint to state a cause of action, which demurrer constitutes a general appearance waiving service of process, the court may not, upon overruling the demurrer, enter an order on the merits without giving defendant an opportunity to plead and to a hearing on the motion.

**8. Habeas Corpus § 3—**

While a reasonable allowance for attorney's fees may be made a part of the costs in a *habeas corpus* proceeding, this may not be done until there is a proper hearing or an opportunity for defendant to be heard. G.S. 6-21.

**9. Receivers § 1—**

Receivership is a harsh remedy and ordinarily will be granted only where there is no other safe or expedient remedy.

**10. Same—**

In an action by the wife against her husband to recover support for the minor children of the marriage, the appointment of a receivership to take possession of bank deposits of the husband is inappropriate, even though the complaint alleges that the husband had abandoned the children and was about to dispose of his property for the purpose of defeating plaintiff's claim for support of the children, since plaintiff has an expedient and appropriate remedy by attachment.

APPEAL by defendant from *Johnston, J.,* July 19, 1963, Session of FORSYTH.

*Clyde C. Randolph, Jr., for plaintiff.*

*Harold R. Wilson for defendant.*

MOORE, J.  This is an action for subsistence and support for minor children.

The action was commenced 23 May 1963 by issuance of summons which was returned 28 May 1963 by the sheriff of Forsyth County endorsed, "After due and diligent search and inquiry Deleon Timothy Murphy, Jr., is not to be found in Forsyth County, N. C., whereabouts unknown."

The complaint in substance alleges: Plaintiff and defendant were married in December 1952, and are residents of Forsyth County, North Carolina. Three children, ages now 8, 5 and 3, were born to this union. Plaintiff and defendant were separated 7 May 1962 pursuant to a separation agreement of that date. By virtue of the separation agreement "defendant is obligated to pay $40 per month for the support of each of the children . . . until such child reaches the age of 21 years." Defendant's contributions to the support of the children have been irregular, and he is in arrears in the amount of $240. Defendant refuses to comply with the agreement with respect to the support of the children. Plaintiff needs and is entitled to the security and protection of a court order providing to her reasonable subsistence for the minor children. Defendant has abandoned the children and left the State, is in parts unknown and is about to dispose of his property for the purpose of defeating plaintiff's claim for support of the children. Defendant has an account in a substantial amount in the Wachovia Bank and Trust Company. Plaintiff is a fit and suitable person to have the custody of the children. Plaintiff prays for an award of custody, an allowance of "reasonable subsistence to plaintiff for the use and benefit of the . . . children . . . pursuant to the provisions of G.S. 50-16," temporary support without notice to defendant who has left the State and is in parts unknown, the application of the bank deposit to such support, and reasonable attorney fees.

On 24 May 1963 there was a hearing "upon plaintiff's application for an order awarding to her child support from the estate of the defendant, pursuant to . . . G.S. 50-16," and the judge, finding that defendant had abandoned the children, left the State and was in parts unknown, awarded plaintiff custody of the children, appointed George E. Clayton, Jr., receiver to take charge of defendant's funds on deposit in the First Union National Bank and any other property or funds of defendant he might find within the jurisdiction of the court, the receiver to pay therefrom costs of the receivership and of this action, including an allowance of $100 to plaintiff's counsel, and $40 per month for the support of each child.

Pursuant to orders of 29 May, 1 June, 4 June and 19 June, 1963, the receiver took charge of the bank deposit of $395.76 and a deposit of $1000 which defendant had at Wake Forest College. It does not appear whether any of these funds have been disbursed by the receiver.

The defendant on 20 June 1963 made a special appearance through counsel and moved to dismiss the action "on the ground that the court does not have jurisdiction over said defendant in that no service has been had on said defendant, either personally, by publication, or by any other means."

Thereafter, defendant demurred to the complaint on the grounds that (1) plaintiff is not the real party in interest, and (2) the facts alleged fail to state a cause of action, and particularly do not state a cause of action under the provisions of G.S. 50-16.

At a hearing on 19 July 1963 the court overruled both the motion to dismiss and the demurrer. Defendant excepted and appeals to this Court.

Certain language in the prayer for relief, quoted above, indicates that plaintiff assumes that the facts alleged constitute a cause of action under the provisions of G.S. 50-16, entitled "Alimony without Divorce." This statute in its original form was enacted in 1872 (Laws of North Carolina, 1871-72, Ch. 193, § 39). Prior thereto there was no statutory provision for alimony. *Schlagel v. Schlagel,* 253 N.C. 787, 117 S.E. 2d 790. To state a cause of action under G.S. 50-16 it is necessary to allege (1) the marriage, (2) the separation of the husband from the wife and his failure to provide the wife and children of the marriage reasonable subsistence, i.e., abandonment, *or* some conduct on the part of the husband constituting cause for divorce, either absolute or from bed and board, and (3) want of provocation on the part of the wife. *Schlagel v. Schlagel, supra; Bailey v. Bailey,* 243 N.C. 412, 90 S.E. 2d 696; *Trull v. Trull,* 229 N.C. 196, 49 S.E. 2d 225; *Brooks v. Brooks,* 226 N.C. 280, 37 S.E. 2d 909.

Plaintiff's complaint does not allege that defendant has abandoned plaintiff, has failed to provide her with subsistence, or is guilty of any conduct which would be a ground for divorce, either absolute or from bed and board. On the contrary, it is alleged that plaintiff and defendant separated 7 May 1962 pursuant to a separation agreement. There is no suggestion that plaintiff is not satisfied with the agreement or that defendant has breached the agreement relative to plaintiff individually. The complaint is that defendant has abandoned the children and is in default in the monthly payments he agreed to make for the benefit of the children. At most the complaint states a cause of action for custody of and support for the minor children.

Prior to 1953 custody of children could not be determined in a proceeding under G.S. 50-16. S.L. 1953, Ch. 925, provided for such determination in lieu of habeas corpus (G.S. 50-16, second paragraph). In 1955 it was enacted that "The court may enter orders in a proceeding under this section relating to the support and maintenance of the children of the plaintiff and the defendant *in the same manner as such orders are entered by the court in an action for divorce,* irrespective of what may be the rights of the wife and the husband as between themselves in such proceedings. S.L. 1955, Ch. 1189—G.S. 50-16, third paragraph. These amendments (of 1953 and 1955) mean that when a wife has instituted an action, upon proper allegations, for alimony without divorce she may in the original complaint, or either party may by motion in the cause, seek and thereby obtain a determination of the custody of the children of the marriage and an order for the support of such children, even if it be determined that the wife is not entitled to alimony. But an action for custody of and support for children of a marriage may not be maintained under G.S. 50-16 in the absence of a claim, upon proper allegations, of alimony by the wife. Custody and support of children are determined under G.S. 50-16 "in the same manner . . . as in an action for divorce." In *Cox v. Cox,* 246 N.C. 528, 530, 98 S.E. 2d 879, we said: "When a divorce action is instituted, jurisdiction over the custody of the children of the marriage vests . . . in the court before whom the divorce action is pending and becomes a concomitant part of the subject matter of the court's jurisdiction in the divorce action." Thus, a controversy concerning child custody and support accompanies, is collaterally connected with, and is incidental to an action for divorce or for alimony without divorce, but may not be determined under G.S. 50-13 and G.S. 50-16 when it is the only cause of action alleged (except in those special and unusual circumstances provided for in the second paragraph of G.S. 50-13, not applicable here. See *In re Cranford,* 231 N.C. 91, 56 S.E. 2d 35).

The complaint does not state a cause of action under G.S. 50-16, but this does not require that the demurrer be sustained. Plaintiff prays for relief in accordance with G.S. 50-16, but "The relief to which plaintiff is entitled is to be determined by the facts alleged in the complaint and established by the evidence, and not the prayer for relief. The fact that the prayer for relief demands relief to which plaintiff is not entitled does not preclude recovery on a theory supported by the facts alleged." 3 Strong: N. C. Index, Pleadings, § 4, p. 610. If the complaint, in any portion of it or to any extent, presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly gathered from it, it will survive the challenge of a demurrer

based on the ground that it does not allege a cause of action. *Bailey v. Bailey, supra.*

Plaintiff alleges that she and defendant entered into a separation agreement whereby "defendant is obligated to pay $40 per month for the support of each of the children . . . until such child reaches the age of 21 years." From other allegations it is inferred that the payments were to be made, and some of them were made, to plaintiff for the benefit of the children. It is also alleged that at the time of the institution of the action defendant was $240 in default. Plaintiff may maintain an action upon the contract to recover the $240 default. *Goodyear v. Goodyear,* 257 N.C. 374, 126 S.E. 2d 113; *Campbell v. Campbell,* 234 N.C. 188, 66 S.E. 2d 672. Of course, plaintiff is not the beneficiary of the fund, she is merely trustee for the children. *Goodyear v. Goodyear, supra.* A trustee of an express trust may sue without joining his *cestui que trust. Ingram v. Insurance Co.,* 258 N.C. 632, 129 S.E. 2d 222.

We note that the relief primarily sought by plaintiff is a court order awarding her the legal custody of the children and providing for their future support. Juvenile courts and domestic relations courts, where established, have jurisdiction. G.S., Ch. 110, art. 2; G.S., Ch. 7, art. 13. A habeas corpus proceeding is also available to plaintiff. G.S. 17-39; G.S. 17-39.1. The facts alleged are sufficient to support the issuance of a writ of habeas corpus. We perceive no reason why the court, upon motion of plaintiff or *ex mero motu,* may not treat the complaint as a petition for writ of habeas corpus and proceed accordingly. It is optional with the superior court whether it will proceed in the cause of action referred to in the next preceding paragraph or by habeas corpus. The demurrer is not sustained.

Defendant entered a special appearance and moved to dismiss the action for want of jurisdiction of defendant, no summons having been served upon him personally, by publication or otherwise. Defendant did not waive the motion to dismiss by later filing demurrer. G.S. 1-134.1.

Summons was issued 23 May 1963 and returned by the sheriff 28 May 1963 with the endorsement that defendant is not to be found in Forsyth County and his whereabouts is unknown. So far as the record discloses nothing further was done with respect to service of process. However, the court properly denied the motion to dismiss. Plaintiff had by statute 90 days within which to procure the issuance of an alias summons or an extension of time for service of the original summons (G.S. 1-95) and the attachment of defendant's property as a basis for service by publication (G.S., Ch. 1, art. 35, part 1). The hearing on the motion and notice of appeal to this Court occurred 57 days after the issuance of the original summons.

Demurrer on the ground that the complaint does not state a cause of action or for defect of parties is a general appearance. *Dellinger v. Bollinger*, 242 N.C. 696, 89 S.E. 2d 592. Not being entitled to a dismissal of the action for want of service of summons, defendant's demurrer brings him in by general appearance and waives service of process. *Harmon v. Harmon*, 245 N.C. 83, 95 S.E. 2d 355. He is entitled to time for answering. G.S. 1-131.

If so advised defendant may move to set aside and vacate the orders awarding the custody and care of the children of the marriage to plaintiff, decreeing the payment of support for the children, allowance of counsel fee, and appointing a receiver to take over the assets of defendant within the State.

At the time the custody and support order was entered, the court was without authority to make it. Defendant had not been served with summons or notice and had not made a general appearance. In a habeas corpus proceeding custody or support of children may not be determined until defendant has been served with process, personally or by publication, or has made a general appearance, and then only after time for answering has expired or after notice duly given. In an action upon a separation agreement, such as may be maintained upon the pleadings herein, custody is not involved. A reasonable allowance for attorney's fees may be made as a part of the costs in habeas corpus proceedings (G.S. 6-21), but not until there is a proper hearing or an opportunity for defendant to be heard.

By statute and under general equitable principles a receiver may be appointed before judgment when plaintiff establishes an apparent right to specific property which is the subject of the action and is in possession of the adverse party or where specific property, or its rents and profits, are in danger of being lost or materially injured or impaired. G.S. 1-502; *Sinclair v. R.R.*, 228 N.C. 389, 45 S.E. 2d 555. A receiver may be appointed *pendente lite* in the discretion of the court. *Hanna v. Hanna*, 89 N.C. 68. But receivership is a harsh remedy and will be granted only where there is no other safe or expedient remedy. *Scoggins v. Gooch*, 211 N.C. 677, 191 S.E. 750; *Neighbors v. Evans*, 210 N.C. 550, 187 S.E. 796; *Woodall v. Bank*, 201 N.C. 428, 160 S.E. 475. Receivership is ordinarily ancillary to some equitable relief. *Sinclair v. R.R., supra.* Receivers have been appointed in domestic relations cases to preserve specific property and to collect rents and income. *Lambeth v. Lambeth*, 249 N.C. 315, 106 S.E. 2d 491; *Perkins v. Perkins*, 232 N.C. 91, 59 S.E. 2d 356. In the instant case the property consists of two small cash deposits. Upon the pleadings, attachment is the safe, expedient and appropriate remedy. G.S., Ch. 1, art. 35. Receivership overreaches the bounds of discretion.

The judgment below, overruling the motion to dismiss and the demurrer, is affirmed and the cause is remanded for further proceedings not in conflict with this opinion.

Remanded.