IN THE MATTER OF: THE CUSTODY OF ROBERT MARK PONDER.

(Filed 15 January, 1965.)

**Divorce and Alimony § 22;  Habeas Corpus § 2;  Appeal and Error § 2—**

Where it is made to appear upon diminution of the record that a proceeding for *habeas corpus* to obtain custody of the adopted child of the marriage was instituted by the husband in the Superior Court two days after the institution of the wife's action for alimony without divorce and custody of the child, the Supreme Court, in the exercise of its supervisory jurisdiction, will dismiss the *habeas corpus* proceeding. Constitution of North Carolina, Art. IV § 10.

APPEAL by respondent from *Huskins, J.*, at Chambers in Burnsville, North Carolina, on 31 July 1964. From MADISON.

On 27 July 1964, Starling Ponder, the petitioner herein, applied for and obtained a writ of *habeas corpus* for the purpose of obtaining custody of Robert Mark Ponder, a minor child about seven years of age.

The petitioner and the respondent, Ossie B. Ponder, were lawfully married on 30 July 1938 and lived together as husband and wife until on or about 13 July 1964, at which time they separated and have lived separate and apart since the date of their separation. There was born of this marriage one daughter, who is now 25 years of age and married and is not involved in this proceeding.

The petitioner and the respondent are the adoptive parents of Robert Mark Ponder, who was born 24 December 1957 and whose custody is in controversy.

At the hearing on 31 July 1964, upon the writ by the Resident Judge of the Twenty-fourth Judicial District, the respondent, through her attorneys, made a motion to dismiss the proceeding for lack of jurisdiction on the ground that on 18 July 1964, prior to the time the writ of *habeas corpus* was issued, an action entitled *Ossie Ponder v. Starling Ponder* was instituted in the General County Court of Buncombe County, North Carolina, in which action the plaintiff is seeking alimony without divorce and custody of the minor child, Robert Mark Ponder.

At the hearing a blank summons, unsigned, and a purported complaint, which was neither signed nor verified, were offered by the respondent to establish her plea in bar. While the court allowed the admission of these papers in evidence as respondent's Exhibits Nos. 1 and 2, the court denied the respondent's motion and proceeded to hear the matter. Custody of Robert Mark Ponder was awarded to the petitioner.

The respondent appeals, assigning error.

*A. E. Leake attorney for petitioner appellee.*

*Robert E. Riddle, Bruce B. Briggs attorneys for respondent appellant.*

PER CURIAM. When this appeal came on for argument in this Court, a motion suggesting diminution of the record was allowed and the appellant was permitted to substitute in lieu of her Exhibits Nos. 1 and 2, duly certified copies of the summons and complaint filed in the case of *Ossie Ponder v. Starling Ponder* in the General County Court of Buncombe County, North Carolina. These certified copies show that the summons was issued in said action on 18 July 1964, the complaint was filed at 11:04 a.m. on the same day, and the summons and copy of the complaint were served on the defendant on 25 July 1964. This was two days before the petition for writ of *habeas corpus* was filed and the writ granted.

On authority of *Blankenship v. Blankenship,* 256 N.C. 638, 124 S.E. 2d 857, and our supervisory jurisdiction granted by Article IV, § 10, of the Constitution of North Carolina, the order of the court below is set aside and this action is dismissed.

Action dismissed.