HARRY EUGENE ROBBINS, JR. v. NANCY GREEN ROBBINS.

(Filed 2 March, 1966.)

**Divorce and Alimony § 22—**

   A valid order awarding custody of the child of the marriage is conclusive upon the parties and may not be modified collaterally by a petition praying that the child's custody be awarded to petitioner during a certain period.

MOORE, J., not sitting.

APPEAL by plaintiff from *Fountain, J.,* December Term 1965 of PITT.

This action was begun in Craven County on June 21, 1965. Plaintiff in his complaint, filed when summons issued, alleged: He was a resident of Craven County, defendant a resident of Wake; they were married in 1960; a child, Harry Eugene Robbins, III, was born in 1962; defendant had custody of the infant; the parties separated on May 26, 1964; the husband intended the separation to be permanent. He prayed for an absolute divorce, but did not ask for custody of the child.

Defendant in her answer alleged she had been awarded custody of the child "in an order dated July 31, 1964, signed by Judge Harry C. Martin, this order being affirmed by the Supreme Court of the State of North Carolina by a decision filed November 11, 1964, and entitled *Robbins v. Robbins.* Judge William Copeland

again affirmed custody of the child in Nancy Green Robbins by order dated December 31, 1964."

At the September Term 1965 Judge Fountain submitted appropriate issues to a jury and on the verdict then rendered entered a judgment awarding plaintiff an absolute divorce from defendant. No reference is made in the judgment to the infant or right to his custody.

On December 2, 1965, plaintiff filed with Honorable William J. Bundy, Resident Judge of the Third Judicial District, a petition praying that he be awarded custody of the infant during the Christmas holidays. Based on that petition he tendered an order requiring the defendant to deliver the infant "to the custody of the father to be taken to New Bern for a Christmas visit from 9 A.M. on December 22 to 5 P.M. on Sunday, December 26." Judge Bundy declined to sign the order as tendered, but informed counsel for plaintiff that he would sign a show cause order. On December 9, 1965, he signed an order directing defendant to appear before Judge Fountain on December 14, 1965, to show cause, if any she had, why plaintiff should not be awarded custody of the infant during the Christmas holidays. Judge Fountain was presiding over the December Term 1965 of Pitt Superior Court.

At the hearing before Judge Fountain defendant through her counsel challenged the jurisdiction of the court to make an order with respect to the custody of the child, asserting that the question of custody could only be presented by appropriate motion in the case of *Nancy G. Robbins v. H. E. Robbins,* instituted in the Superior Court of Wake County in May 1964, in which action plaintiff sought alimony and custody of the infant as provided in G.S. 50-16. Judge Fountain found that custody had been awarded to the mother by Judge Martin in July 1964. (This order was affirmed, *Robbins v. Robbins,* 262 N.C. 749, 138 S.E. 2d 632.) He further found that Judge Copeland had entered an order in the Wake County action on December 18, 1964 awarding custody to the mother. He thereupon adjudged that the action be dismissed for that "the Superior Court of Pitt County does not have sufficient jurisdiction over the parties or the subject matter of the proceeding and there does not exist sufficient change of circumstances to alter or amend the orders previously entered in the Superior Court of Wake County pertaining to the custody of the child of the parties."

Plaintiff excepted and appealed.

*Charles L. Abernethy, Jr., for plaintiff.*
*Liles & Merriman for defendant.*

DIXON v. COX.

PER CURIAM.  The mother having sought the custody of the infant in her action instituted in Wake prior to the institution of the father's action in Craven, in which custody was not prayed for, the judgment of the Superior Court of Wake County awarding custody to the mother was conclusive and binding on the Superior Court of Craven County. G.S. 50-16. *Blankenship v. Blankenship,* 256 N.C. 638, 124 S.E. 2d 857; *Murphy v. Murphy,* 261 N.C. 95, 134 S.E. 2d 148; *In the Matter of: Robert Mark Ponder,* 263 N.C. 530, 139 S.E. 2d 685.

The judgment from which plaintiff appeals is
Affirmed.

MOORE, J., not sitting.