RICHARD A. WILLIAMS, Plaintiff v. FRANK R. LIGGETT III; ALEX B. ANDREWS; J. A. HENDRICKSON; ROBERT C. WHITE; AND MARY C. WHITE, Defendants

No. 9310SC145

(Filed 1 March 1994)

1. **Receivers § 9 (NCI4th)— appointment of receiver pending litigation—no statutory authority**

   The trial court had no authority under N.C.G.S. § 1-502(1) to appoint a receiver pending litigation for a limited partnership which automatically dissolved upon the bankruptcy of the general partner where the partnership's only asset was an apartment complex, plaintiff produced no evidence that the apartment complex or its rents and profits were in danger of being lost or materially injured or impaired, and the evidence

showed that the apartment complex was in excellent financial condition.

**Am Jur 2d, Receivers § 29.**

2. **Receivers § 9 (NCI4th)— appointment of receiver pending litigation—no equitable authority**

The trial court had no equitable power to appoint a receiver pending litigation for a limited partnership which owned an apartment complex and which automatically dissolved upon the bankruptcy of the general partner because the partners could not agree on a substitute general partner and therefore could not prepare tax returns, refinance the mortgage and manage the property where the partnership had taken no action on its own to wind up its own affairs; the apartment complex was in excellent financial condition; and there was no evidence that this asset was in danger of being lost, destroyed, or otherwise injured.

**Am Jur 2d, Receivers § 29.**

3. **Pleadings § 65 (NCI4th)— motion for Rule 11 sanctions— remand for findings and conclusions**

Defendants' motion for Rule 11 sanctions on the ground that plaintiff testified at his deposition that he had not read the complaint or the application for a receiver must be remanded for findings of fact and conclusions of law where the trial court failed to make findings and conclusions regarding its decision to deny sanctions.

**Am Jur 2d, Pleading § 339.**

Appeal by defendants from orders entered 1 October 1992 by Judge Anthony M. Brannon in Wake County Superior Court. Heard in the Court of Appeals 1 December 1993.

*Manning, Fulton & Skinner, P.A., by John B. McMillan and Linda K. Wood, for plaintiff-appellee.*

*LeBoeuf, Lamb, Leiby & MacRae, by George R. Ragsdale and Kristin K. Eldridge, for defendants-appellants.*

LEWIS, Judge.

Plaintiff, a limited partner in the Blue Heron Group 3 Limited Partnership (hereinafter "Blue Heron" or "the partnership"), filed

a complaint on 22 April 1992 seeking dissolution of the partnership and appointment of a receiver. Plaintiff also filed an application and motion for the immediate appointment of a receiver under N.C.G.S. § 1-502 and for a preliminary injunction. Defendants, other limited partners of Blue Heron, filed an answer, and asserted affirmative defenses and counterclaims. After deposing plaintiff, defendants filed a motion for a judgment on the pleadings, a dismissal and Rule 11 sanctions, based upon the fact that plaintiff admitted he had not read the complaint or application for a receiver. On 1 October 1992, Judge Brannon denied defendants' motions and granted plaintiff's application for the immediate appointment of a receiver, stating that the appointment was "necessary to wind up the Partnership and to protect plaintiff's rights during the course of litigation." Defendants now appeal.

Blue Heron was created by the filing of a Certificate of Limited Partnership on 5 August 1981. Plaintiff's brother, Thomas Williams, was the general partner, and plaintiff and defendants were among the limited partners. The sole assets of Blue Heron are the Deblyn Apartments in Raleigh. According to the Partnership Agreement, the general partner had complete management authority over the partnership and its assets. The limited partners were prohibited from interfering with the management of Blue Heron, and had no right to act for or bind the partnership in any manner. The Partnership Agreement stipulated that bankruptcy of the general partner would result in the dissolution of the partnership, unless a substitute general partner was admitted within 90 days of the adjudication of bankruptcy.

On 15 June 1990 Thomas Williams entered into a management agreement with John M. Titchener to manage and operate the apartments. On 5 July 1990 Thomas Williams filed a petition for Chapter 7 bankruptcy. The bankruptcy trustee sold Williams' 38.6 percent interest in the partnership to his brother, the plaintiff in this case. No substitute general partner was appointed, and Titchener continued to operate the apartments after Williams' bankruptcy. According to plaintiff, he filed the present proceedings to have a receiver appointed in an effort to move towards dissolution of the partnership and the winding up of its affairs. There is no dispute that the bankruptcy of the general partner automatically dissolved the partnership.

The issue before us is whether or not the trial court erred in immediately appointing a receiver, pursuant to section 1-502(1), pending the outcome of plaintiff's lawsuit. Defendants contend the appointment of a receiver was not warranted, and further argue that plaintiff should have been sanctioned under Rule 11.

I.

[1]   A trial court's decision whether or not to appoint a receiver is reviewable under an abuse of discretion standard. *Murphy v. Murphy*, 261 N.C. 95, 101, 134 S.E.2d 148, 153 (1963). Defendants contend Judge Brannon abused his discretion in failing to follow the applicable statute and the decisions of our courts.

In his application and motion for a receiver, plaintiff argued the receiver was "necessitated pursuant to N.C. Gen. Stat. Section 1-502," which governs when and in what situations a receiver may be appointed. According to that section, a receiver may be appointed

> [b]efore judgment, on the application of either party, when he establishes an apparent right to property which is the subject of the action and in the possession of an adverse party, and the property or its rents and profits are in danger of being lost, or materially injured or impaired; . . . .

N.C.G.S. § 1-502(1) (1983). We agree with defendants that the requirements of section 1-502(1) have not been met in this case.

According to the statute, the requirements for appointing a receiver before judgment are: (1) the party requesting the receiver must show an apparent right to the property which is the subject of the action; (2) the property must be in the possession of an adverse party; and (3) the property or its rents and profits must be in danger of being lost or materially injured or impaired. *Id.* The legislature's use of the conjunctive indicates that failure to establish any one of these elements would preclude the appointment of a receiver under this subsection of the statute. Because it is clear that plaintiff failed to establish the third element, we find it unnecessary to discuss the first two elements.

Plaintiff produced no evidence that the Deblyn Apartments or its rents and profits were in danger of being lost or materially injured or impaired. In fact, plaintiff admitted under oath that he knew of no immediate and irreparable loss or damage to the apartments. He further testified that he knew of no loss of rents

or profits. To the contrary, other testimony indicated that the apartments were in excellent financial condition at that time, and were more profitable than they had ever been. Plaintiff's only arguments regarding this element of the analysis are that the partnership did not refinance the first and second mortgages on the apartments, it could not sell the property in light of the stalemate among the limited partners, some partnership funds were not earning any interest because no one could sign the appropriate documents, and tax returns were prepared without the assistance of a general partner or the involvement of the remaining limited partners. We do not believe that this evidence indicates that the property or its rents and profits were in danger of being lost or materially injured or impaired. Defendants point out that the lost interest would only amount to $1,000 or $2,000. We do not believe this constitutes a material injury or impairment to the partnership property, nor does it justify the immediate appointment of a receiver.

[2] Notwithstanding any statutory provisions, plaintiff and defendants dispute whether or not the court had the power as a court of equity to appoint a receiver. In *Lowder v. All Star Mills, Inc.*, 301 N.C. 561, 273 S.E.2d 247 (1981), the Supreme Court indicated that a court of equity has the "inherent power to appoint a receiver, notwithstanding specific statutory authorization." *Id.* at 576, 273 S.E.2d at 256. However, the Court noted that the appointment of a receiver is considered a harsh remedy, and stated that there should be fraud or imminent danger that the property will be, among other things, lost, destroyed, squandered, or wasted. *Id.* at 577, 273 S.E.2d at 256. Furthermore, a receiver should be appointed for a going, solvent corporation only in rare and drastic situations. *Id.*

Plaintiff testified at his deposition that the factors mentioned in *Lowder* are not present in this case. Plaintiff argues, however, that the appointment was justified in light of the fact that the partnership was dissolved and had to wind up its affairs. The partnership had taken no action on its own to wind up its affairs. According to plaintiff, a receiver was necessary because the partners were "unable to cooperate and lack[ed] confidence in each other to begin the process of winding up." They could not agree on a substitute general partner, and therefore could not prepare tax returns, refinance the mortgage and manage the property.

Although these arguments may be relevant to the overall proceeding before the court, we do not believe that they justify the immediate appointment of a receiver pending the final outcome of the case. The Deblyn Apartments were solvent and doing well at the time of plaintiff's lawsuit. The situation described by plaintiff is not rare and drastic. As stated above, there was no evidence that this asset was in danger of being lost, destroyed, or otherwise injured. We conclude that the trial court did not have the statutory or equitable power to appoint a receiver under these circumstances.

## II.

**[3]** Defendants' second argument concerns the imposition of Rule 11 sanctions upon plaintiff. At his deposition, plaintiff testified that he had not read the complaint or the application and motion for the appointment of a receiver. Defendants argue that this conduct is sanctionable under Rule 11. According to Rule 11,

> [t]he signature of . . . a party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

N.C.G.S. § 1A-1, Rule 11(a) (1990).

An appellate court has de novo review of a trial court's decision regarding the imposition of Rule 11 sanctions. *Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989). The reviewing court must determine whether the trial court's conclusions of law support its judgment, whether the conclusions of law are supported by the findings of fact, and whether the findings of fact are supported by sufficient evidence. *Id.*

We are unable to review this assignment of error, because the trial court failed to make any findings of fact or conclusions of law in its 1 October 1992 order denying the motion for sanctions. We must therefore remand for entry of findings of fact and conclusions of law regarding the court's decision to deny Rule 11 sanctions.

Reversed and remanded.

Judges ORR and JOHN concur.