HUDSON, Judge.
On 30 June 1999, plaintiff Jimmy Lewis Contracting, Inc., filed a complaint against defendant Richard M. Pearlman, Jr., alleging defendant owed plaintiff money for services rendered. On 10 January 2000, defendant moved for summary judgment. On 27 March 2000, plaintiff filed a motion for sanctions under Rule 11. On 27 March 2000, the Honorable Pattie S. Harrison denied both motions and conducted a bench trial. By order filed 24 July 2000, the court entered judgment for plaintiff. On 4 August 2000, defendant moved for a new trial. Defendant obtained a continuance of the hearing on his motion, but neither the court nor plaintiff notifieddefendant that the hearing had been set for 22 August 2001. Defendant was not present at the hearing, and in an order entered 21 September 2001, the court dismissed his motion for new trial. Defendant then filed a motion to set aside that order and hear his motion on the merits.
On 22 May 2002, the Honorable Mike Gentry granted defendant's motion, setting aside the dismissal, and then heard and denied his motion for new trial. Judge Gentry asked plaintiff's counsel to prepare the order, and defendant's counsel requested findings of fact and conclusions of law. The order filed 26 February 2003 (nunc pro tunc 22 May 2002) lacked findings and conclusions pertaining to the substance of the motion for new trial. Defendant appeals. For the reasons discussed below, we affirm in part and reverse in part.
Defendant is a corporate attorney, who also served as an officer for Dependable Housing, Inc., which sold mobile homes under the name Westwood Homes. Defendant had no ownership interest in the corporation. Plaintiff, a septic tank installer, performed work for defendant d/b/a Westwood Homes. Plaintiff sent invoices to Westwood Homes, and Dependable Housing, Inc. paid them. Plaintiff never sent an invoice to defendant and defendant never paid an invoice. Plaintiff then filed this action against defendant individually, seeking payment for money allegedly owed to it by Dependable Housing, Inc.
Defendant first argues that the court erred in entering judgment in favor of plaintiff. As discussed below, we agree. "In an appeal from a judgment entered in a non-jury trial, our standard of review is whether competent evidence exists to support the trial court's findings of fact, and whether the findings support the conclusions of law. Resort Realty of the Outer Banks, Inc. v. Brandt, 163 N.C. App. 114, 116, 593 S.E.2d 404, 407-408 (2004). Here, the trial court concluded that defendant was liable to plaintiff based on its finding that defendant was the owner of Westwood Homes.
Defendant contends that the only evidence that he had an ownership interest in Westwood Homes came from the testimony of Portia Lewis ("Mrs. Lewis"), the plaintiff's corporate secretary. The pertinent portion of Mrs. Lewis' testimony is as follows:
Q: And tell us about this conversation, please.
[Defendant's counsel]: Objection; hearsay.
THE COURT: The objection is overruled.
A. I was introduced to Mr. Pearman. I was taken into his office after about a ten-minute wait. By the way, I was called to come to his office to pick up a check, so I went to the office. I waited about ten minutes. I was taken into Mr. Pearman's office by one of his employees, and I was introduced to him as-Mr. Pearman as being the owner of Westwood Homes. Mr. Pearman never denied that he was not the owner. Mr. Pearman- the employee also said, "This will be the man to write your check."
[Defendant's counsel]: Your honor, I object to the hearsay.
THE COURT: Okay. Now wait just one minute. I'm going to sustain that as far as what the employee said about the man to write your check. Strike that portion from the record.
Except for the last sentence of Mrs. Lewis' testimony above, the court admitted her testimony over the defendant's hearsay objection. "[A] statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted" is inadmissable hearsay. N.C. R. Evid. 801(c) (2003). However, the same information was also received into evidence without any objection from defendant. For example, shortly after the exchange above, plaintiff's attorney asked Mrs. Lewis the following:
Q: Do you understand that he [Mr. Pearman] is an owner of a - is or was the owner of a manufactured home dealership here in Roxboro know as Westwood Homes? Is that also your understanding?
A: That's what I was told, yes, sir.
Defendant did not object to this testimony. "It is well settled that a defendant waives objection to the admission of testimony when testimony of the same import is admitted without objection." State v. Tarlton, 146 N.C. App. 417, 421, 553 S.E.2d 50, 53 (2001). Thus, defendant waived his objection to this evidence, which tended to show that an unknown person led Mrs. Lewis to believe defendant owned Westwood Homes.
However, defendant presented documentary evidence that he did not have any beneficial interest in Westwood Homes, including two letters from defendant to plaintiff's counsel stating that defendant was only the attorney for, and had never been an owner of, Westwood Homes. The only evidence relating to defendant's purported ownership interest in Westwood Homes was Mrs. Lewis' testimony andaffidavit that she was introduced to him as such. Unlike the documents submitted by defendant, this evidence did not go to the issue of defendant's actual ownership of Westwood. "The trial court's findings of fact are binding on appeal as long as competent evidence supports them, despite the existence of evidence to the contrary." Resort Realty of the Outer Banks, Inc., 163 N.C. App. at 116, 593 S.E.2d at 408. While the evidence did support the finding that defendant "was introduced to Portia Lewis as being the owner of Westwood Homes," it does not support the finding of fact that defendant actually "own[ed] and operated . . . Westwood Homes," or the conclusion of law that defendant therefore "owes plaintiff" certain sums. Thus, we reverse the trial court's judgment in favor of plaintiff.
Next, defendant argues that the court erred in denying his motion for sanctions under Rule 11. We affirm.
We review de novo the trial court's decision whether to impose sanctions pursuant to Rule 11. Williams v. Liggett, 113 N.C. App. 812, 817, 440 S.E.2d 331, 334 (1994). "The reviewing court must determine whether the trial court's conclusions support its judgment, whether the conclusions of law are supported by the findings of fact, and whether the findings of fact are supported by sufficient evidence." Id. at 817, 440 S.E.2d at 334. Under Rule 11:
the signature of . . . a party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existinglaw or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
N.C. Gen. Stat. § 1A-1, Rule 11(a) (2003).
The complaint alleges that "Defendant . . . operated a business in Person County." Defendant argues that plaintiff's counsel knew or should have known after reasonable inquiry that these allegations were not well grounded in fact. Defendant contends that counsel for plaintiff was in possession of letters from defendant explaining that he did not own Westwood, and that counsel admitted that he brought suit against defendant because he knew that suing Westwood Homes would be futile. However, a careful examination of the record reveals no such admission nor any other evidence that plaintiff's counsel violated Rule 11.
Affirmed in part, reversed in part.
Judges TYSON and BRYANT concur.
Report per Rule 30(e).