BETTIE POWELL COX v. RAY W. COX.

(Filed 28 June, 1957.)

**1. Divorce and Alimony § 17—**

When a divorce action is instituted, jurisdiction over the custody of the children born of the marriage vests exclusively in the court before whom the divorce action is pending and becomes a concomitant part of the subject matter of the court's jurisdiction in the divorce action.   G.S. 50-13.

**2. Same: Trial § 25—**

In the wife's action for absolute divorce, the petition of the husband demanding custody of the child of the marriage injects demand for affirmative relief of a substantial nature, and it is error for the clerk thereafter to permit the wife to take a voluntary nonsuit, and thus divest the court of jurisdiction, while the issue of custody is *in fieri.*

**3. Appeal and Error § 3—**

As a general rule, interlocutory judgments and orders are not immediately appealable, and refusal of a motion to dismiss is not a final determination of a cause from which an appeal will lie.   G.S. 1-277.

**4. Same—**

Where the clerk permits voluntary nonsuit in an action in which defendant has asserted his right to affirmative relief, order of the Superior Court reversing the clerk's judgment of nonsuit has the same effect as if plaintiff's motion for dismissal as of voluntary nonsuit had been made in the first instance before the judge, and attempted appeal from the order reversing the nonsuit is a nullity, notwithstanding the judge signs the appeal entries.

**5. Appeal and Error § 12—**

An attempted appeal from a non-appealable interlocutory order is a nullity and does not divest the Superior Court of jurisdiction to proceed in the action.

**6. Appeal and Error § 21—**

An exception to an order or judgment upon facts found presents only the questions whether the facts found support the judgment and whether error of law appears on the face of the record.

APPEAL by plaintiff from *Seawell, J.,* at Regular November Civil Term, 1956, and December Criminal Term, 1956, of WAKE.

Cox *v.* Cox.

Civil action by plaintiff wife for absolute divorce on the ground of two years separation.

The defendant filed answer admitting all the material allegations of the complaint and simultaneously filed a petition in the cause under G.S. 50-13, demanding custody of the three and one-half year old child of the marriage, Richard Allen Cox, then in the custody of the plaintiff mother.

Thereafter, on 21 November, 1956, the plaintiff obtained from the Clerk of the Superior Court a judgment of voluntary nonsuit. To the entry of this judgment the defendant excepted and appealed to the Superior Court. When the appeal came on for hearing before Judge Seawell at the Regular November Civil Term, 1956, these facts were found by him: that pursuant to the defendant's petition for custody, hearings were held before him on 17 October and 15 November, 1956; that on the latter date the judge intimated the nature of his decision as to custody of the child and directed that all affidavits in the cause be filed with the court not later than the following Monday, 26 November, 1956; that in the interim, on 21 November, 1956, the judgment of voluntary nonsuit was entered by the clerk. Judge Seawell concluded and adjudged that the plaintiff had no right to submit to a voluntary nonsuit and that the clerk was without authority to enter the judgment dismissing the action. The decree was entered 28 November, 1956, vacating the judgment of nonsuit, restoring the case to the civil issue docket, and continuing the custody hearing until Monday, 3 December, 1956.

To the entry of the foregoing order the plaintiff excepted and in open court gave notice of appeal to the Supreme Court. Appropriate appeal entries were signed by Judge Seawell.

At the appointed time for the further hearing on Monday, 3 December, 1956, the attorney for the plaintiff appeared and presented a letter to Judge Seawell advising him that the plaintiff would not participate in any further custody hearings "other than to take exception to and note an appeal from any order entered in the cause pending the disposition of her appeal from the order of November 28, 1956." Thereupon no hearing was held on 3 December, 1956.

Thereafter, on 4 December, 1956, Ray W. Cox instituted in the Superior Court of Wake County an action against Bettie Powell Cox for absolute divorce on the ground of two years separation, and therein filed his petition praying for custody of the infant child. Notice was served on Bettie Powell Cox that a hearing with respect to custody would be held on 11 December, 1956. When this, the new companion cause, came on for hearing, as scheduled, the attorney for Bettie Powell Cox, having previously filed a plea in abatement, requested that the court hear this plea, and the attorney for Ray W. Cox requested that

he be given time in which to file answer to the plea. Thereupon the court entered an order allowing the attorney for Ray W. Cox until 10 January, 1957, to answer the plea in abatement and continued the hearing thereon until after the filing of answer. The court, with a view of going forward in the meantime with the custody hearing, called upon the parties to submit in the action of Bettie Powell Cox v. Ray W. Cox, and in the companion action of Ray W. Cox v. Bettie Powell Cox, such affidavits with respect to the custody of the infant child as the parties deemed proper. The attorney for Bettie Powell Cox announced he would not file any affidavits. The attorney for Ray W. Cox proceeded to file affidavits with the court as to character and reputation of both parties.

Upon the affidavits so submitted and upon the pleadings in the cause, the court found facts and entered judgment, dated 13 December, 1956, awarding custody of the child to the mother, subject to part-time custody of the father for short designated periods.

To the entry of the foregoing judgment the plaintiff in apt time noted her exception, and after giving the statutory notice appealed to the Supreme Court. *Supersedeas* was entered pending appeal.

*Ehringhaus & Ellis for plaintiff, appellant.*
*Emanuel & Emanuel for defendant, appellee.*

JOHNSON, J.  When a divorce action is instituted, jurisdiction over the custody of the children born of the marriage vests exclusively in the court before whom the divorce action is pending and becomes a concomitant part of the subject matter of the court's jurisdiction in the divorce action. G.S. 50-13. *Reece v. Reece,* 231 N.C. 321, 56 S.E. 2d 641; *Robbins v. Robbins,* 229 N.C. 430, 50 S.E. 2d 183; *Winfield v. Winfield,* 228 N.C. 256, 45 S.E. 2d 259; *Story v. Story,* 221 N.C. 114, 19 S.E. 2d 136.

Therefore, when the plaintiff wife instituted the instant action for divorce, the court became vested in this action with exclusive jurisdiction to enter orders respecting the care and custody of the infant child. This phase of the court's jurisdiction was properly activated when the defendant filed his petition in the divorce cause praying the court for a determination of his custodial rights with respect to the child. *Reece v. Reece, supra.*

The defendant in petitioning for the custody of the child was seeking affirmative relief of a substantial nature. This being so, was it within the power of the clerk to divest the Superior Court of its jurisdiction by allowing the plaintiff to submit to a voluntary nonsuit during the course of the hearings and while the issue of custody was *in fieri* before the presiding judge? We think not.

Cox *v.* Cox.

In McIntosh, North Carolina Practice and Procedure, Second Edition, Section 1645, the principle applied in numerous authoritative decisions of this Court is well stated as follows:

> "While the plaintiff may generally elect to enter a nonsuit, 'to pay the costs and walk out of court,' in any case in which only his cause of action is to be determined, although it might be an advantage to the defendant to have the action proceed and have the controversy finally settled, he is not allowed to do so when the defendant has set up some ground for affirmative relief or some right or advantage of the defendant has supervened, which he has the right to have settled and concluded in the action."

See also: *Bolich v. Ins. Co.*, 206 N.C. 144, 173 S.E. 320; *Gatewood v. Leak,* 99 N.C. 363, 6 S.E. 706; *Bynum v. Powe,* 97 N.C. 374, 2 S.E. 170. We are constrained to the view that the defendant was entitled as a matter of right to have his claim for affirmative relief settled and concluded in this action. The court below correctly so ruled in its order of 28 November, 1956. The plaintiff's exception thereto is without merit.

We have not overlooked the decision in *Caldwell v. Caldwell,* 189 N.C. 805, 128 S.E. 329, which may well have been interpreted by the plaintiff's counsel and by the clerk as authorizing the nonsuit. However, our study of the decision leaves the impression it is factually distinguishable and does not control the instant case.

The next question for decision is whether Judge Seawell's order vacating the clerk's judgment of nonsuit was immediately appealable. Not every order or judgment of the Superior Court is immediately appealable to the Supreme Court. The statute, G.S. 1-277, regulates the practice in respect to when an order or decree is subject to immediate review. This statute as construed and applied by numerous decisions of the Court is well analyzed and explained in detail by *Ervin, J.,* in *Veazey v. Durham,* 231 N.C. 357, 57 S.E. 2d 377. It would serve no useful purpose to restate here the various propositions there elucidated. For the purpose of this hearing it is enough to say that as a general rule "orders and judgments which are not final in their nature, but leave something more to be done with the case, are not immediately reviewable. The remedy is to note an exception at the time, to be considered on appeal from final judgment." McIntosh, North Carolina Practice and Procedure, Second Edition, Section 1782(3).

Numerous authoritative decisions of this Court hold that a refusal of a motion to dismiss is not a final determination within the meaning of the statute and is not subject to appeal. *Johnson v. Pilot Life Ins. Co.,* 215 N.C. 120, 1 S.E. 2d 381; *Clements v. Southern Ry.,* 179 N.C.

225, 102 S.E. 399; *Plemmons v. Southern Improvement Co.,* 108 N.C. 614, 13 S.E. 188.

The ruling from which the plaintiff attempted to appeal was the same in legal effect as if the plaintiff's motion for dismissal as of voluntary nonsuit had been made in the first instance before Judge Seawell and by him refused. We conclude, therefore, that the Judge's order reversing the clerk's nonsuit was not appealable. The attempted appeal was a nullity, notwithstanding the Judge signed the appeal entries appearing of record. *Veazey v. Durham, supra.*

The decision in *Bailey v. McPherson,* 233 N.C. 231, 63 S.E. 2d 559, and the other cases cited by the plaintiff, wherein the lower court became *functus officio* pending appeal, are factually distinguishable. Here, then, there was no interruption in the court's jurisdiction to hear and determine the question of custody. The hearing was concluded and judgment was entered 13 December, 1956. The only exceptions brought up for review are the exceptions to the order dated 28 November, 1956, and the judgment of 13 December, 1956. These present only questions whether the facts found support the decrees and whether error of law appears upon the face of the record. *Goldsboro v. R. R., ante,* p. 101; *Weddle v. Weddle, ante,* p. 336. The findings of fact made by the court below support the decrees and no error appears on the face of the record. Both decrees will be upheld.

Affirmed.