FRENEAU MERRITT BLANKENSHIP v. NANCY PEETE BLANKENSHIP.

(Filed 11 April, 1962.)

1. **Divorce and Alimony § 22— Rendition of absolute divorce does not oust the jurisdiction of court in which prior action was pending to adjudicate custody of children.**

The wife instituted action for alimony without divorce in the Superior Court of one county, in which she prayed custody of the children of the marriage and in which order for alimony *pendente lite* was entered. Thereafter the husband instituted action for absolute divorce in the general county court of another county, in which action decree of absolute divorce was entered. *Held:* The decree of absolute divorce does not oust the jurisdiction of the court in the wife's action over the children of the marriage or affect the recovery of alimony *pendente lite* accruing prior to the date of the entry of the decree for absolute divorce, and order entered in the court rendering the decree for absolute divorce respecting the custody of the children of the marriage is erroneous. G.S. 50-11 as amended, G.S. 50-16 as amended.

SHARP, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *McLean, J.,* August Civil Term 1961 of BUNCOMBE.

This action was instituted in the General County Court of Buncombe County by the plaintiff husband on 16 February 1960 for absolute divorce from the defendant wife, on the ground of having lived separate and apart for two successive years.

The plaintiff alleged that two children had been born of the marriage, to wit, Catherine Pettway Blankenship (age 4 on 16 February 1960) and Richard Merritt Blankenship (age 3 on 16 February 1960).

The plaintiff further alleged that defendant is not a fit and suitable person to have the care and custody of the minor children born of the marriage, and prayed that he be awarded the custody, care and control of said minor children.

The plaintiff and defendant were married in Wake County, North Carolina, on 10 July 1954. Thereafter, they lived together as husband and wife in Buncombe County, North Carolina, where the two children referred to hereinabove were born.

On 28 January 1958, the plaintiff and defendant separated and since that time the defendant and the minor children born of the marriage have resided in the home of defendant's late father, Dr. C. H. Peete, with her mother in Warrenton, Warren County, North Carolina.

The defendant herein instituted an action for alimony without divorce against the plaintiff herein on 31 January 1958 in the Superior Court of Warren County, North Carolina, entitled *NANCY PEETE BLANKENSHIP v. FRENEAU MERRITT BLANKENSHIP,* and

in said action the husband filed an answer denying the material allegations of the complaint and raising issues of fact for jury determination. A temporary order was entered in the action awarding the wife subsistence and custody of the two minor children *pendente lite.*

The summons in the present action was served on the defendant wife in Warren County on 18 February 1960, and she in apt time made a general appearance and filed answer in which she alleged as pleas in bar: (1) That an action for alimony without divorce filed in Warren County on 31 January 1958 was a prior pending action which involved the question of the custody of the minor children involved therein; and (2) that the order for subsistence and custody *pendente lite* theretofore entered in the action pending in Warren was *res judicata* as to the custody of said children.

The plaintiff herein on 9 June 1960 filed a motion in the Superior Court of Warren County to dismiss the action pending therein for alimony without divorce and for the custody of the minor children born of the marriage between the parties insofar as such action related to custody, on the ground that upon the institution of the divorce action in the General County Court of Buncombe County on 16 February 1960, all other courts were divested of jurisdiction over the matter of custody of the minor children involved. This motion was duly heard in the Superior Court of Warren County on 10 June 1960 and was denied. The defendant husband in open court gave notice of appeal to the Supreme Court from the ruling of the lower court denying his motion. Plaintiff wife having been given the custody of the children under a previous order in the pending action with certain visitation rights of the defendant husband, and the husband having violated prior orders of the court with respect to visitation rights, the court gave the plaintiff wife exclusive custody of the children pending the appeal and denied the husband any visitation rights.

On motion of the wife's counsel to dismiss the appeal in the Supreme Court and to affirm the judgment from which the appeal was taken, the motion was allowed for failure to comply with the rules of the Court in perfecting the appeal and the judgment of the lower court was affirmed at the Fall Term 1960.

On 14 June 1960, judgment was entered in the General County Court of Buncombe County overruling the pleas in bar but holding "that the Superior Court of Warren County having taken jurisdiction of the custody of the two children born of the marriage between the parties and having entered numerous orders in said cause concerning the custody of said children * * * said Superior Court of Warren County has fully acquired jurisdiction of the custody of said children, and that this court does not have jurisdiction with respect to the cus-

tody of said children or any matters related thereto." No exception was taken to this judgment by either party.

Thereafter, on 28 June 1960, this action came on for trial, and upon issues submitted to the jury and answered in favor of the plaintiff, judgment was entered by said General County Court granting plaintiff an absolute divorce from the defendant, which judgment contained the following provision: "2. It appearing to the court from the pleadings filed in this cause and from the testimony given by witnesses that there were born of the marriage between the plaintiff and the defendant two children, Catherine Pettway Blankenship and Richard Merritt Blankenship, and it further appearing that the matter of the custody of said children has heretofore come before this court and the court has entered a judgment herein; that this court is without jurisdiction with respect to the custody of said children, therefore, no orders are entered concerning the custody of said children."

On 24 October 1960, the plaintiff husband filed a motion in this cause praying that the General County Court of Buncombe County take jurisdiction over the matter of the custody of his two minor children born of his marriage to the defendant and grant him absolute custody of said children. The matter came on for hearing on 29 March 1961 and the court concluded as a matter of law, "that the judgment of absolute divorce, granted in this court on June 29, 1960, abated the action for alimony without divorce, under the provisions of the North Carolina Statutes, G.S. 50-11, then pending in the Superior Court of Warren County, North Carolina, as no permanent judgment had been entered prior to the granting of the decree of absolute divorce in this court and that this court is vested with the sole and exclusive jurisdiction in the matter of the custody of the two minor children hereinbefore named." The court then entered judgment as follows: "NOW, THEREFORE, the plaintiff's motion in this cause as to the jurisdiction of the custody of the two minor children born to the marriage of plaintiff and defendant is granted and this cause is retained for further proceedings and orders with respect to the custody of the two minor children, Catherine Pettway Blankenship and Richard Merritt Blankenship."

The defendant appealed to the Superior Court which affirmed the judgment of the General County Court of Buncombe County, North Carolina. Defendant appeals to this Court, assigning error.

*W. Paul Young; Lamar Gudger for plaintiff.*

*Van Winkle, Walton, Buck & Wall, by Herbert L. Hyde; Bryant, Lipton, Strayhorn & Bryant for defendant.*

DENNY, C.J.  The question posed for determination is whether or not the action for absolute divorce instituted on 16 February 1960 in the General County Court of Buncombe County ousted the jurisdiction of the Superior Court of Warren County to determine the custody of the children born of the marriage in the action instituted in Warren County on 31 January 1958 for alimony without divorce and for the custody of the minor children pursuant to the provisions of G.S. 50-16 as amended by Chapter 925 of the 1953 Session Laws of North Carolina and Chapters 814 and 1189 of the 1955 Session Laws of North Carolina.

In order to reach a decision on the question presented, the former decisions of this Court must be considered in light of the recent amendments to Chapter 50 of the General Statutes of North Carolina relating to divorce and alimony.

Chapter 925 of the 1953 Session Laws of North Carolina amended G.S. 50-16 as follows: "In a proceeding instituted under this Section, the plaintiff or the defendant may ask for custody of the children of said parties, either in the original pleadings or in a motion in the cause. Whereupon, the court may enter such orders in respect to said custody as might be entered upon a hearing on a writ of habeas corpus issued for the purpose of determining the custody of said children. Such request for custody of the children shall be in lieu of a petition for a writ of habeas corpus, but it shall be lawful for the custody of said children to be determined upon a writ of habeas corpus, provided the petition for said writ is filed prior to the filing of said pleadings or motion for such custody in the cause instituted under this Section."

This section was further amended by Chapter 814 of the Session Laws of 1955 to read: "* * * Or she may set up such cause of action as a cross-action in any suit for divorce, either absolute or from bed and board; and the husband may seek a decree of divorce either absolute or from bed and board, in any action brought by his wife under this Section.

"Sec. 1 (a) Provided that this Act shall not apply to pending litigation."

The statute was also amended by Chapter 1189 of the 1955 Session Laws by adding the following provisions: "The court may enter orders in a proceeding under this Section relating to the support and maintenance of the children of the plaintiff and the defendant in the same manner as such orders are entered by the court in an action for divorce, irrespective of what may be the rights of the wife and the husband as between themselves in such proceeding.

"In any action instituted by the wife under the provisions of this Section when there is a minor child or children, the complaint in such

action shall set forth the name and age of such child or children; and if there be no minor child, the complaint shall so state."

G.S. 50-11 was amended by Chapter 872 of the 1955 Session Laws of North Carolina by rewriting the second proviso of said section to read as follows: "and, provided further, that except in case of divorce obtained with personal service on the wife, either within or without the State, upon the grounds of the wife's adultery and except in case of divorce obtained by the wife in an action initiated by her on the ground of separation for the statutory period, a decree of absolute divorce shall not impair or destroy the right of the wife to receive alimony and other rights provided for her under any judgment or decree of a court *rendered before the rendering of the judgment for absolute divorce.*" (Emphasis added)

Prior to the 1953 and 1955 amendments to G.S. 50-11 and G.S. 50-16, this Court held uniformly that the court in which a divorce action was instituted obtained the exclusive jurisdiction over the custody of the children born of the marriage. *In re Blake,* 184 N.C. 278, 114 S.E. 294; *In re Albertson,* 205 N.C. 742, 172 S.E. 411; *Reece v. Reece,* 231 N.C. 321, 56 S.E. 2d 641. See *Cox v. Cox,* 246 N.C. 528, 98 S.E. 2d 879, which involved no question of conflicting jurisdiction.

Likewise, prior to the 1953 amendment to G.S. 50-16, the right to custody of the children born of the marriage could not be determined in an action for alimony without divorce.

We have not been called upon heretofore to interpret the identical question posed on this appeal.

It will be noted that G.S. 17-39 was amended by Chapter 545 of the 1957 Session Laws of North Carolina and the amendment is now codified as G.S. 17-39.1, which no longer requires the marital status of the parents to be a factor in determining the procedure to obtain custody of a child by *habeas corpus. Cleeland v. Cleeland,* 249 N.C. 16, 105 S.E. 2d 114.

This Court has also held that a judgment for absolute divorce does not invalidate a judgment for alimony without divorce entered before the action for absolute divorce was instituted. G.S. 50-11; *Deaton v. Deaton,* 237 N.C. 487, 75 S.E. 2d 398.

G.S. 50-11, as amended, now provides that a decree of absolute divorce except under certain designated situations "shall not impair or destroy the right of the wife to receive alimony *and other rights provided for her* under any judgment or decree of a court *rendered before the rendering of the judgment for absolute divorce.*" (Emphasis added)

The defendant herein was awarded the custody of her children and support *pendente lite* for herself and children in the case of *NANCY*

*PEETE BLANKENSHIP v. FRENEAU MERRITT BLANKEN-SHIP* pending in the Superior Court of Warren County on 28 March 1958 and the cause was retained for further orders.

It is pointed out in pertinent part in G.S. 50-13: "After the filing of a complaint in any action for divorce, whether from the bonds of matrimony or from bed and board, both before and after final judgment therein, it is lawful for the judge of the court in which such application is or was pending to make such orders respecting the care, custody, tuition and maintenance of the minor children of the marriage as may be proper, and from time to time to modify or vacate such orders, and may commit their custody and tuition to the father or mother as may be thought best; or the court may commit the custody and tuition of such infant children, in the first place, to one parent for a limited time, and after the expiration of that time, then to the other parent * * *."

There is nothing in the above statute to the effect that institution of a divorce action ousted jurisdiction of another court, previously acquired, to determine the rights of custody of the children of the marriage. It would seem that the 1953 amendment to G.S. 50-16, granting jurisdiction to determine custody in an action for alimony without divorce, creates an additional method whereby the matter of custody may be determined. The provisions added to G.S. 50-16 by Chapter 1189 of the 1955 Session Laws of North Carolina, hereinabove set out, support this conclusion. Certainly, the first paragraph of the 1955 amendment, Chapter 1189, applies only to the support and maintenance of a child or children whose custody was adjudicated under a proceeding instituted pursuant to the provisions of G.S. 50-16 as amended. Therefore, the court first obtaining jurisdiction of the parties would retain the cause.

In *Schlagel v. Schlagel*, 253 N.C. 787, 117 S.E. 2d 790, the question before the court was whether or not a suit for alimony without divorce under G.S. 50-16 was one in which a judgment by default and inquiry might be entered by a clerk of the superior court. It was held that an action under G.S. 50-16 was a divorce action within the purview of G.S. 50-10 which requires that the facts be found by a jury before the entry of a judgment granting a divorce. *Winborne, C.J.,* after tracing the history of the statutory provisions for alimony without divorce in this State, said: "As is shown in the cases cited above, G.S. 50-10 applies to a divorce from bed and board under G.S. 50-7. A divorce from bed and board is nothing more than a judicial separation; that is, an authorized separation of the husband and wife. Such divorce merely suspends the effect of the marriage as to cohabitation, but does not dissolve the marriage bond. See Nelson, Divorce and

Annulment, Vol. 1, p. 17 (2nd Ed.). This is precisely the effect of an action under G.S. 50-16, except that it is only available to the wife. "* * *

"Indeed, in *Rector v. Rector,* 186 N.C. 618, 120 S.E. 195, *Clark, C.J.,* said, ' * * * Suits for alimony without divorce are within the analogy of divorce laws * * *.' "

Therefore, if, as stated in *Schlagel v. Schlagel, supra,* an action for divorce from bed and board is equivalent to an action for alimony without divorce, it would seem that the custody jurisdiction conferred in both actions would be concurrent in the absence of specific language to the contrary in the statute.

Furthermore, if an action for absolute divorce is instituted and the custody of children born of the marriage is prayed for therein, if the wife is the defendant in such action she is not estopped from bringing an action for alimony without divorce during the pendency of such action. *Beeson v. Beeson,* 246 N.C. 330, 98 S.E. 2d 17. However, under the conclusion we have reached, she could not have the custody of the children born of the marriage adjudicated in the second action. Jurisdiction of the matters relating to custody having been invoked theretofore in the action for divorce, the court in which the divorce action was pending would have exclusive jurisdiction over the question of custody.

All decrees with respect to custody and support of minor children are subject to the further orders of the court. Therefore, we hold that the granting of the absolute divorce dissolving the bonds of matrimony between the plaintiff and the defendant did not divest the Superior Court of Warren County of jurisdiction of the minor children born of the marriage or abate the action with respect to any right of the wife to recover alimony *pendente lite* which accrued prior to the date of the entry of the judgment for absolute divorce, or any "other rights provided for her in any judgment or decree of the court" in the Warren County case, rendered before the rendering of the judgment of absolute divorce. *Yow v. Yow,* 243 N.C. 79, 89 S.E. 2d 867. Therefore, the judgment of the court below is

Reversed.

SHARP, J., took no part in the consideration or decision of this case.