IN THE MATTER OF THE CUSTODY OF TYLER DEAN MACON.

(Filed 4 May, 1966.)

**Habeas Corpus § 3;    Divorce and Alimony § 22—**

>    In a *habeas corpus* proceeding instituted by the father to determine the right to custody of his minor son, the order of the court removing the proceeding on motion to a county in which the mother, subsequent to the service of the writ but before the hearing, had instituted an action for alimony without divorce and for the custody of the child, will not be disturbed.

Moore, J., not sitting.

Appeal by Leonard D. Macon, petitioner, from *Gambill, J.,* November 29, 1965 Session, Randolph Superior Court.

On October 19, 1965, the petitioner obtained a writ of *habeas corpus* requiring that Tyler Dean Macon, age 2, be brought before the court for its adjudication of the right to his custody. The petitioner resides in Randolph County. The mother, Carol Dianne Robbins Macon, who has custody, resides in Guilford County. The parents are living in a state of separation. Subsequent to the service of the writ before the hearing, the mother instituted an action in the Superior Court of Guilford County for alimony without di-

vorce and for the custody of the child. Notice was served on the father to appear before the Superior Court of Guilford County on December 13, 1965, for hearing on a motion for a *pendente* order. On December 1, 1965, in Randolph Superior Court, Judge Gambill, upon motion of the mother and in his discretion, removed the *habeas corpus* proceeding to Guilford County. This is the reason assigned for the removal order: "Upon the ground that the convenience of witnesses and the ends of justice would be promoted." The petitioner, Leonard D. Macon, appealed.

*Ottway Burton for plaintiff appellant.*
*W. Marcus Short for defendant appellee.*

PER CURIAM. The respondent, mother, has instituted an action in the Superior Court of Guilford County for alimony without divorce and for the custody of the child as prescribed by G.S. 50-16. The Guilford Superior Court appears to have acquired jurisdiction of the child as well as of both its parents unless the *habeas corpus* writ previously issued by the Superior Court of Randolph County has prevented the Superior Court of Guilford County from acquiring jurisdiction of the child and the right to determine its custody. Prior to the 1953 amendment to G.S. 50-16, custody could not be determined in an action for alimony without divorce.

The amendments to G.S. 50-16 entered in 1953 and 1955 have been discussed in many decisions of this Court. *Murphy v. Murphy,* 261 N.C. 95, 134 S.E. 2d 148; *Blankenship v. Blankenship,* 256 N.C. 638, 124 S.E. 2d 857; *Cox v. Cox,* 246 N.C. 528, 98 S.E. 2d 879. Some doubts have arisen whether under the facts of this case the custody of the child should be determined under the *habeas corpus* writ or in the mother's alimony and custody action. However, in this particular case, Judge Gambill's order of transfer will enable the court to hear the two proceedings together. The welfare of the child, the rights and liabilities of its parents are the same whether the inquiries are made under the writ or as a concomitant part of the alimony and custody hearing. With this background we conclude Judge Gambill's order should be
Affirmed.

MOORE, J., not sitting.