SHIRLEY B. BECKER (Now HALL) v. DAVID H. BECKER.

(Filed 28 February, 1968.)

**1. Divorce and Alimony §§ 19, 22—**

Where plaintiff institutes an action in the general county court for alimony without divorce and for custody and support of the children, that court acquires original jurisdiction of the parties and the children, and the Superior Court thereafter has appellate jurisdiction only and is without authority to modify custody or contempt orders entered in the court below.

**2. Courts § 7—**

The jurisdiction of the Superior Court upon appeal from a general county court is limited to rulings on exceptions duly noted and brought forward, and the Superior Court is without authority to make additional findings of fact.

**3. Divorce and Alimony § 22—**

In a suit for alimony without divorce and for custody of the children, the court first acquiring jurisdiction of the parties and children retains that jurisdiction subject only to review by appeal for errors of law raised by exceptive assignments.

**4. Divorce and Alimony §§ 20, 23—**

A decree of divorce on the ground of separation for the statutory period in an action instituted by the wife terminates the husband's liability for support of the wife and for payment of her counsel fees, G.S. 50-11, but his duty to support the children of the marriage continues, and payments made to the wife subsequent to the divorce should be credited to the defendant's liability for the support of the children.

ON *certiorari* to review orders of *Bryson, J.,* entered in the Superior Court of BUNCOMBE County, August 24, 1967.

On December 11, 1961, Shirley B. Becker, wife, instituted in the General County Court an action against David H. Becker, husband, for alimony without divorce, for the custody of and support for David H. Becker, Jr. and Timothy Floyd Becker, minor children of the parties. The plaintiff alleged the parties are separated; that the defendant is financially able and she is financially unable to support either herself or the children. She asked for *pendente* allowances, including counsel fees.

The defendant, by answer, also filed on December 11, 1961, denied all material allegations except the separation and his financial ability to support the plaintiff and the children. He asked that custody of the boys be awarded to him.

On December 12, 1961, the day following the institution of the suit, the filing of the complaint and answer, the parties submitted to the court a consent settlement which the court approved and adopted as its judgment. By the judgment the plaintiff was given custody of the children. However, the defendant was given liberal visitation rights, including exclusive custody for a period of six consecutive weeks during the summer. The agreement provided:

"2.  That the defendant shall pay for the support and maintenance of his wife and minor children the sum of Sixty and 00/100 ($60.00) Dollars per week, beginning on the 12th day of December, 1961, and a like amount thereafterwards on each succeeding Tuesday, to be used by the plaintiff for the support and maintenance of herself and said children, . . ."

BECKER *v.* BECKER.

By the agreement, the parties settled their property rights. The court ordered the defendant to pay to plaintiff's counsel the sum of $150 for services to the date of settlement.

On January 9, 1963 the General County Court (Judge Pennell) entered a consent order modifying to a limited degree the days and hours during which each party should have actual custody of the children. Otherwise, the original order of December 12, 1961 was to remain in force.

On February 15, 1964 the parties were in the county court before Assistant Judge Howell and an order apparently was entered adjudging the defendant in contempt. The defendant gave notice of appeal to the Superior Court.

And on April 20, 1964, after notice and hearing, the General County Court (Judge Willson), found, on the basis of changed conditions, the plaintiff was entitled to have her custody rights enlarged; that the defendant was behind in support payments, and that he should pay $840 within sixty days. The court ordered defendant to pay $900 additional attorneys fees to plaintiff's counsel. The order provided (except as modified) that the provisions of the consent judgment should remain in force.

On appeal to the Superior Court, Judge Mintz, by order dated September 3, 1965, affirmed the orders of the General County Court entered on February 15, 1964 by Assistant Judge Howell adjudging the defendant in contempt, and on April 20, 1964 by Judge Willson enlarging plaintiff's custody rights, requiring the defendant to make the support payments and ordering additional counsel fees of $900.

At this juncture we note that Shirley B. Becker, on December 13, 1963, instituted an action in the Superior Court of Buncombe County for absolute divorce on the ground of two years separation. The agreement of December 12, 1961 was offered as evidence of the separation. A decree of absolute divorce was entered in the Superior Court on April 6, 1964 upon the findings of the judge without a jury. The defendant appealed.

This Court affirmed the divorce judgment on November 4, 1964. The case is reported in 262 N.C. 685. Four days after the opinion of this Court was filed, the plaintiff remarried. The parties have acted on the assumption that the question of custody remained in the General County Court.

Pursuant to notices and petitions, Judge Willson of the General County Court, after extensive hearings and the introduction of much evidence, on January 17, 1967 entered an order awarding permanent custody of the children to the mother, adjudging the father in

contempt, and ordering him to make the past due payments in thirty days or be committed for contempt.

The defendant gave notice of appeal to the Superior Court. A number of orders were entered extending the time for filing the case on appeal. Objections and motions to dismiss were entered. Eventually, what purported to be a case on appeal was filed in the Superior Court. Judge Bryson, after reviewing the record and being in doubt whether the case was properly before the Superior Court by way of appeal, nevertheless treated defendant's motion to docket the appeal as a petition for writ of *certiorari,* and the record before him as a return to the writ, then began his review. Upon the basis of the "bundle of papers" before him, he proceeded to enter seven separate orders, some revoking parts of others. In combination he found that defendant's exceptions and objections to the order of Judge Willson entered on January 17, 1967 were without merit and overruled them in their entirety. He concluded the evidence before Judge Willson fully warranted his findings of fact.

After further reviewing the evidence taken before Judge Willson, Judge Bryson made modifications in the custody orders and required the defendant to provide tutorage for the children, whose school work was shown to be deficient. Judge Bryson, after revoking some of the prior orders, found from the evidence before Judge Willson in the General County Court and the admissions of counsel before him that the defendant was in arrears in the weekly payments in excess of $5,200, but that by certain payments, including $2,200 paid into the clerk's office, ". . . said defendant appellant is purged of his wilful contempt of court." Another order required the defendant to pay into court within ninety days the sum of $5,000 for plaintiff's counsel. Still another order contained this provision:

> ". . . (A)nd the Court having further considered this matter independently upon the motion in the cause filed in the Superior Court by the defendant appellant on June 16, 1967 and the further motion in the cause made in this Court on July 24, 1967, for a modification in custodial privileges, and the Court being of the opinion, after fully considering this matter, that it is for the best interests of said minor children of the parties that plaintiff appellee have the right to determine the educational institution attended by said minor children, with visitation rights to be granted the defendant appellant, and the Court being of the opinion that it is for the best interests of said minor children that the plaintiff have the exclusive physical custody and control of said minor children . . ."

The defendant's applications for *certiorari* and *supersedeas* writs were allowed by this Court on September 20, 1967. The cause is before us for review.

*Shelby E. Horton, William J. Cocke for defendant appellant.*
*Uzzell and Dumont by Harry Dumont, Gudger and Erwin by Lamar Gudger for plaintiff appellee.*

HIGGINS, J.   When the plaintiff instituted this action in the General County Court for alimony without divorce and for custody and support of the children, that court acquired original jurisdiction of the parties and the children. Thereafter, the Superior Court had only appellate jurisdiction. ". . . (A)ppeals from that court to the Superior Court are upon exceptions duly noted and assigned as error, and . . . the power of the Judge hearing the case on appeal is limited to ruling on the exceptions brought forward. Exercising only appellate jurisdiction, he is without authority to make additional findings of fact as the basis of judgment. G.S. 7-279; *Jenkins v. Castelloe,* 208 N.C. 406, 181 S.E. 266; *Starnes v. Tyson,* 226 N.C. 395, 38 S.E. 2d 211." *McLean v. McLean,* 233 N.C. 139, 63 S.E. 2d 138. See also *Robbins v. Robbins,* 229 N.C. 430, 50 S.E. 2d 545; *Robinson v. McAlhany,* 216 N.C. 674, 6 S.E. 2d 517; Chapter 925, Session Laws of 1953; Chapter 1189, Session Laws of 1955.

In a suit for alimony without divorce and for the custody of children, the court now acquires jurisdiction of the children as well as the parents. That jurisdiction remains in the court wherein the action is brought. *Blankenship v. Blankenship,* 256 N.C. 638, 124 S.E. 2d 857; G.S. 7-296; Chapter 1198, Session Laws of 1965. *In Re Custody of Sauls,* 270 N.C. 180, 154 S.E. 2d 327 and *Swicegood v. Swicegood,* 270 N.C. 278, 154 S.E. 2d 324, are not in conflict but are in harmony with the view here expressed. In those cases this Court held that in an action for divorce or for alimony and custody without divorce, the Court acquires jurisdiction over the children and ousts the custody jurisdiction previously acquired by another court in a *habeas corpus* proceeding pursuant to G.S. 39-17 or G.S. 39-17.1. The court which first acquires jurisdiction in a divorce action, *Robbins v. Robbins, supra,* or alimony without divorce, *Murphy v. Murphy,* 261 N.C. 95, 135 S.E. 2d 148; *Cox v. Cox,* 246 N.C. 528, 98 S.E. 2d 879 retains that jurisdiction subject only to review by appeal for errors of law raised by exceptive assignments.

On December 11, 1961 the plaintiff, wife, instituted this action in the General County Court against the defendant, husband, for alimony without divorce and for the custody of and support for the

two sons of the parties. The plaintiff's complaint and the defendant's answer were filed at the same time on the date the action was instituted. The following day the parties filed with the court a written settlement of differences, including property rights, which the court approved and adopted as its judgment. The judgment awarded the plaintiff the primary custody and required the defendant to pay for the support and maintenance of his wife and children the sum of $60 per week. Insofar as the property rights of the parties were involved, the judgment was a consent settlement.

On motions of the parties from time to time the General County Court made changes with respect to custody. At no time, however, has there been a change in the requirement that the defendant pay for the support of his wife and children the sum of $60 per week. Neither has there been any determination of how much of the amount was allocated to the support of the plaintiff and how much to the support of the children. When the plaintiff obtained her divorce on the ground of separation for the statutory period, the husband's liability for her support and counsel fees terminated. G.S. 50-11; *Porter v. Bank,* 249 N.C. 173, 105 S.E. 2d 669. His duty to support the children, however, continued. All payments made to the plaintiff subsequent to the divorce should be credited on the defendant's liability for the support of the children. When the status of the account is thus established, the General County Court will be in a position to determine whether the defendant has been in wilful contempt for failure to pay what the court finds is due for their support.

Upon the basis of the authorities heretofore discussed, we conclude that Judge Bryson was limited in his review to decision on the questions of law or legal inference presented by exceptions and assignments of error. When he overruled all of the exceptive assignments, it was then his duty to remand the case to the General County Court. All other orders entered by him were beyond his authority and may be treated as a nullity. When the cause is again before the General County Court the questions of custody, the father's liability for the childrens' support according to their needs and his ability to meet them, may be determined. Attorneys fees for services rendered subsequent to plaintiff's divorce may be allowed only for services rendered on behalf of the children. The judgment of the Superior Court is modified by striking therefrom all orders except that which overrules the assignments of error. The Superior Court will remand the cause to the General County Court of Buncombe County (or its successor) for further disposition. As modified herein, the judgment is

Affirmed.