IN THE MATTER OF ISAAC HOLT, III.

(Filed 20 March 1968.)

**1. Divorce and Alimony § 1—**

The general county court of Alamance County has jurisdiction to try and determine divorce actions, G.S. 7-279, and such jurisdiction continues until the establishment of a district court pursuant to G.S. 7A-131(2). G.S. 50-13.5(h).

**2. Divorce and Alimony § 22;  Habeas Corpus § 3—**

Where final judgment for absolute divorce has been rendered in one court and there has been no determination of custody or support of the children of the marriage, the issue of custody and support may be determined in an independent action, instituted after October 1, 1967, in another court. G.S. 50-13.5(f).

APPEAL by Edna W. Holt, applicant, from an Order by *Bailey, J.,* entered 2 January 1968, in ALAMANCE Superior Court, dismissing her *habeas corpus* proceeding.

Edna W. Holt and Isaac Holt, Jr., were married October 21, 1939. Three children were born of the marriage, two of whom are now emancipated, and the third, Isaac Holt, III, age 14, resides with Edna W. Holt.

Isaac Holt, Jr., instituted an action for absolute divorce against Edna W. Holt on May 25, 1965, in the General County Court of Alamance County. Summons therein was personally served on Edna W. Holt and she filed no answer or other pleading. On June 29, 1965, a judgment of absolute divorce against Edna W. Holt was entered in the General County Court of Alamance County. No appeal was noted.

On August 8, 1967, Edna W. Holt filed a motion in the cause in the General County Court of Alamance County requesting support payments from Isaac Holt, Jr., for Isaac Holt, III. Also, on August 8, 1967, Edna W. Holt filed a motion in the same Court praying that the cause be transferred to the Superior Court of Alamance County.

IN RE HOLT.

On November 16, 1967, a hearing was held upon the motion to transfer, and an Order was entered denying the motion and retaining the cause in the General County Court of Alamance County. No exception or appeal was noted.

On December 15, 1967, Edna W. Holt made a motion before the Clerk of the General County Court of Alamance County that her motion for support filed in the cause in that court be withdrawn. This motion was allowed on December 15, 1967.

Upon an application to the Superior Court of Alamance County for a writ of *habeas corpus* requesting support payments from Isaac Holt, Jr., for the benefit of Isaac Holt, III, Carr, J., Resident Judge of Superior Court, on December 16, 1967, signed a Show Cause Order directed to Isaac Holt, Jr. This Order was served on Isaac Holt, Jr., on December 18, 1967.

A "Demurrer and Motion to Dismiss" was filed by the respondent on January 2, 1968, and the matter was heard by Bailey, J., on January 9, 1968, resulting in an Order dismissing the *habeas corpus* proceeding.

Applicant, Edna W. Holt, appealed.

*Dalton and Long, Attorneys for Edna W. Holt, applicant appellant.*

*T. Paul Messick, and Ross, Wood and Dodge, Attorneys for Isaac Holt, Jr., respondent appellee.*

BROCK, J. The applicant appellant's first assignment of error contends that the trial judge erred in finding and concluding that the General County Court of Alamance County has jurisdiction to try divorce actions.

Jurisdiction to try and determine divorce actions was conferred upon the General County Court of Alamance County by statute. G.S. 7-279; *McLean v. McLean,* 233 N.C. 139, 63 S.E. 2d 138. And by the express provisions of G.S. 50-13.5(h), effective from and after October 1, 1967, the General County Court of Alamance County retains such jurisdiction until a district court is established in Alamance County on the first Monday in December, 1968. G.S. 7A-131(2). Appellant's first assignment of error is overruled.

Applicant appellant's second assignment of error contends that the trial judge erred in concluding that the General County Court of Alamance County has jurisdiction of the parties and of all matters concerning the maintenance and support of Issac Holt, III, and that applicant's remedy is properly before the General County Court of Alamance County.

The complaint in the action for absolute divorce filed on May 24, 1965, in the General County Court of Alamance County by Isaac Holt, Jr., the respondent herein, alleges separation between the parties for two consecutive years as grounds for divorce; there was no prayer for custody or support of any of the children born of the marriage. Edna W. Holt was personally served with summons and complaint in the divorce action on May 25, 1965; she filed no answer or cross-action. Final judgment was entered in the divorce action on June 29, 1965, dissolving the bonds of matrimony; no provision or mention was made in the judgment respecting custody or support of any of the children born of the marriage. No exception or appeal was noted.

On August 8, 1967, Edna W. Holt filed a motion in the cause in the General County Court of Alamance County requesting support payments for Isaac Holt, III. Under the statutes and case law, this was the proper forum on August 8, 1967. G.S. 50-13; *In Re Blake*, 184 N.C. 278, 114 S.E. 294; *In Re Custody of Sauls*, 270 N.C. 180, 154 S.E. 2d 327. On the same day, August 8, 1967, Edna W. Holt filed in the same court a motion to remove the case to the Superior Court of Alamance County for hearing on the motion in the cause for support payments. Following several procedural steps not pertinent to a decision in this case, the motion to remove was argued and an order was entered by the judge of the General County Court of Alamance County on November 16, 1967, denying the motion to remove. Isaac Holt, Jr. did not file response, answer, or counter motion to Edna W. Holt's motion in the cause for support payments. On December 15, 1967, upon the request of Edna W. Holt, an order was entered in the General County Court of Alamance County withdrawing and nonsuiting her motion in the cause for support payments. No exception or appeal was noted by either party.

The motion in the cause for support payments having been ordered withdrawn and nonsuited, and no exception or appeal having been noted, the records of the General County Court of Alamance County are restored to their June 29, 1965, status; *viz.*, a final judgment of absolute divorce with no provision for or mention of custody or support of the children of the marriage.

On December 16, 1967, this proceeding in *Habeas Corpus* was commenced by Edna W. Holt in the Superior Court of Alamance County requesting support payments for Isaac Holt, III.

The record on appeal supplies us with no explanation of the procedure followed by Edna W. Holt, but, regardless of the reasoning by which her erratic steps were guided, we are faced with this question: *Does the court in which the divorce action is tried obtain and retain exclusive jurisdiction of custody and support of children of*

*the marriage where no custody or support questions are raised prior to, or determined in, the final judgment in the divorce action?* Before October 1, 1967, according to the statutes and decisions of our Supreme Court, we would be compelled to answer this question in the affirmative, with the one exception created by *Blakenship v. Blakenship,* 256 N.C. 638, 124 S.E. 2d 857. See: G.S. 50-13. *In Re Blake, supra; In Re Custody of Sauls, supra.* However, since the present proceeding was commenced on December 16, 1967, we must look to the provisions of Chapter 1153, Session Laws, 1967, entitled, "An Act To Rewrite The Statutes Relating To Custody And Support Of Minor Children," which is effective from and after October 1, 1967. G.S. 50-13.1, *et seq.*

Section 1. of Chapter 1153, Session Laws, 1967, repeals G.S. 17-39 (*habeas corpus* to determine custody), G.S. 17-39.1 (*habeas corpus* to determine custody), G.S. 17-40 (appeal in *habeas corpus* proceedings), G.S. 50-13 (custody of children in action for divorce); and G.S. 50-16 (custody of children in action for alimony without divorce). Section 2. of the Chapter extensively provides for parties, types of actions, procedures, and venue in actions for custody and support of minor children. Sections 3. and 4. of the Chapter amend G.S. 1-440.2 and G.S. 1-410(5). By the enactment of this Chapter the Legislature has sought to eliminate the conflicting and inconsistent statutes, which have caused pitfalls for litigants, and to bring all of the statutes relating to child custody and support together into one act. Section 2. of Chapter 1153 has been codified as G.S. 50-13.1, *et seq.*

Subsection (b) of G.S. 50-13.5 provides for the types of actions which may be maintained to obtain custody or support, and subdivision (2) of the subsection provides for writ of *habeas corpus.*

Subsection (f) of G.S. 50-13.5 provides for the proper venue for the actions allowed under subsection (b). Subsection (f) provides: "An action or proceeding in the courts of this State for custody and support of a minor child may be maintained in the county where the child resides or is physically present or in a county where a parent resides, except as hereinafter provided." Then there follows two provisos. The first proviso reads: "If an action for annulment, for divorce, either absolute or from bed and board, or for alimony without divorce has been previously instituted in this State, *until there has been a final judgment in such case,* any action or proceeding for custody and support of the minor children of the marriage *shall* be joined with such action or be by motion in the cause in such action." (Emphasis added.) The second proviso is not pertinent to this case.

The foregoing proviso, when read in conjunction with the first sentence of this subsection (f) and in conjunction with subsection (b), makes it clear that after final judgment in a previously instituted action between the parents, where custody and support has not been brought to issue or determined, the custody and support issue may be determined in an independent action in another court. *Habeas Corpus* is an independent action. Of course, if the custody and support has been brought to issue or determined in the previously instituted action between the parents, there could be no final judgment in that case, because the issue of custody and support remains *in fieri* until the children have become emancipated. 27B C.J.S. 423; 27B C.J.S. 678.

Conceding *arguendo*, that the primary purpose of the new statute is to relieve the parties of having to go back to the court granting the divorce, when they may have subsequently moved to other counties or districts before an issue of custody and support arise; nevertheless, the authority for the writ of *habeas corpus* issued at the instance of Mrs. Holt is clear. It should not be a matter of concern that the procedure followed in this case was one of moving from one court to another in the same county. When the process of unifying the court system in this State finally completes the formation of District Courts for each county by January 1, 1971, there can be no moving from one court to another in the same county. G.S. 50-13.5(h). Any attempt at such would result in an Order consolidating both actions in the same court. Chapter 7A, Article 21, General Statutes of North Carolina.

The Order of Bailey, J., dismissing the *habeas corpus* proceeding in the Superior Court is reversed, and this cause is remanded to the Superior Court of Alamance County for determination of a proper support order, if any, to be entered.

Reversed and remanded.

MALLARD, C.J., and BRITT, J., concur.